1  FELIPA R. RICHLAND, SBN 112458
   ERIK PRIEDKALNS, SBN 198743
2  **RICHLAND & ASSOCIATES**
   8383 Wilshire Boulevard, Suite 708
3  Beverly Hills, CA 90211
   (323) 651-5951 - Telephone
4  (323) 651-1088 - Facsimile
   feliparichland@sbcglobal.net
5
   Attorneys for Plaintiff,
6  GIANNI VERSACE, S.p.A.

7

8                  UNITED STATES DISTRICT COURT

9                 CENTRAL DISTRICT OF CALIFORNIA

10                       WESTERN DIVISION

11 ERIC J. LINDSEY dba E-JAYS PANACHE )   CASE NO.: 02-3822 GAF (FMOx)
   IMAGES,                           )
12                    Plaintiff,      )
                                     )   **PLAINTIFF'S   REPORT   OF**
13                                    )   **DISPUTED JURY INSTRUCTIONS**
                                     )
14            -vs-                    )
                                     )
15                                    )
                                     )
16 SLT LOS ANGELES, LLC, a Delaware   )
   Limited Liability Corporation; STARWOOD )   PTC Date:   February 4, 2008
17 HOTELS & RESORTS WORLDWIDE, INC.   )   Time:        3:30 p.m.
   dba THE WESTIN and WESTIN HOTELS;  )   Crtrm.:      740
18 WESTERN HOST INC., a California    )
   Corporation, dba WESTIN HOTEL and THE )
19 WESTIN LOS ANGELES AIRPORT, and    )
   JOHN DOES 1 through 10, inclusive,  )
20                                    )   Action Filed:  May 10, 2002
                    Defendants.       )
21 _____  )   Trial Date: February 19, 2008

22        Plaintiff submits the following Joint Report of Disputed Jury Instructions. Plaintiff

23 has compiled and organized this purported joint report in accordance with this Court's Order

24 concerning the specifics of the report and format. Defendant does not agree with the

25 timeliness of all the content within the following submission and has advised it will submit

26 a separate report.

27 DATED:  January 22, 2008          RICHLAND & ASSOCIATES

28

                                  By:  ____/s/____
                                       Felipa R. Richland, Attorneys for Plaintiff
                                       ERIC J. LINDSEY

# TABLE OF CONTENTS

| PROP. NO. | TITLE | SOURCE | REQ. BY | PAGE |
|---|---|---|---|---|
| **SECTION I - Disputed 42 USC § 1981:** | | | | |
| 1-A | Introductory Instruction | 9th Cir. 9.1(Mod.) | Pltf. | . . . . . . . 1 |
| | Def Objection & Pltf Reply | . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | | 2 |
| 1-B | Purpose of Statute | Modern Fed Jury Inst.  87-2 | Def. | . . . . . . . 3 |
| | Pltf Objection & Def Reply | . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | | 4 |
| 2-A | Elements and Burden of Proof | 42 USC § 1981 | Pltf. | . . . . . . . . . 5 |
| | Def Objection & Pltf's Reply | . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | | 6 |
| 2-B | Elements | *St Francis & Lindsey* | Def.. | . . . . . . . 7 |
| | Pltf Objection/Def Reply | . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | | 8 |
| 3 | Right to Contract | Modern Fed Jury Inst.  87-3 | Def. | . . . . . . . 9 |
| | Pltf Objection & Def Reply | . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | | 10 |
| 4 | Racial Discrimination Defined | Modern Fed Jury Inst.  87-6 | Def. | . . . . . . 11 |
| | Pltf Objection & Def Reply | . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | | 12 |
| 5-A | Intentional  Discrimination | 9th Cir. 11.7B(Mod) | Pltf. | . . . . . . 13 |
| | Def Objection & Pltf's Reply | . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | | 14 |
| 5-B | Proving Racial Discrimination | Modern Fed Jury Inst.  87-11 | Def. | . . . . . . 15 |
| | Pltf Objection & Def Reply | . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | | 16 |
| 5-C | Direct Evidence of Intent | Modern Fed Jury Inst.  87-12 | Def. | . . . . . . 17 |
| | Pltf Objection & Def Reply | . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | | 18 |
| 5-D | Indirect Evidence of Intent | Modern Fed Jury Inst.  87-13 | Def. | . . . . . . 19 |
| | Pltf Objection & Def Reply | . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | | 20 |
| 6 | Pretext Business Judgment | *Villiarimo & Essex* | Def. | . . . . . . 21 |
| | Pltf Objection & Def Reply | . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | | 22 |
| 7 | Presumption of Regularity-Ordinary Course of Business-Obedience to Law | § 72.04  *Devitt, Blackmar* | Def. | . . . . . . 23 |
| | Pltf Objection & Def Reply | . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | | 24 |

RICHLAND &
ASSOCIATES
ATTORNEYS AT LAW
BEVERLY HILLS

| 8-A | Punitive Damages | 9th Cir. 5.5 | Pltf. . . . . . . . . | 25 |
| | Def Objection/Pltf's Reply | . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | 26 |
| 8-B | Punitive Damages | 9th Cir. 5.5 | Def. . . . . . . . | 27 |
| | Pltf Objection/Def Reply | . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | 28 |

**SECTION II - Disputed General State/CA:**

| 9 | Corporation Acts Through its Officers and Employees | BAJI 13.30 | Pltf. . . . . . . . | 29 |
| | Def Objection/Pltf's Reply | . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | 30 |

**SECTION III - Disputed Unruh Act:**

| 10-A | Elements And Burden of Proof | BAJI 7.92 | Pltf. . . . . . . . . | 31 |
| | Def Objection/Pltf's Reply | . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | 32 |
| 10-B | Elements And Burden of Proof | BAJI 7.92 | Def. . . . . . . . | 33 |
| | Pltf Objection/Def Reply | . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | 34 |
| 11 | General Damages | Civil Code § 52(a) | Pltf. . . . . . . . | 36 |
| | Def Objection/Pltf's Reply | . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | 37 |

**SECTION IV - Disputed Contract:**

| 12 | Contract Defined/Elements | BAJI 10.55 | Pltf. . . . . . . . | 38 |
| | Def Objection/Pltf's Reply | . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | 39 |
| 13 | Express or Implied Contracts | BAJI 10.56 | Pltf. . . . . . . . | 40 |
| | Def Objection/Pltf's Reply | . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | 41 |
| 14 | Oral and Written Contracts | BAJI 10.57 | Pltf. . . . . . . . | 42 |
| | Def Objection/Pltf's Reply | . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | 43 |
| 15 | Oral Agreement Reduced to Writing | BAJI 10.58 | Pltf. . . . . . . . | 44 |
| | Def Objection/Pltf's Reply | . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | 45 |
| 16 | Covenant of Good Faith & Fair Dealing | Rest. of Contracts §205 | Pltf. . . . . . . . | 46 |
| | Def Objection/Pltf's Reply | . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | 47 |
| 17-A | Interpretation | CACI 315 | Def. . . . . . . . | 48 |
| | Pltf Objection/Def Reply | . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | 49 |

RICHLAND &
ASSOCIATES
ATTORNEYS AT LAW
BEVERLY HILLS

-ii-

| | | | | | |
|---|---|---|---|---|---|
| 17-B | Interpretation | CACI 315 (mod) | Pltf. | . . . . . . . | 50 |
| | Def Objection/Pltf's Reply | . . . . . . . . . . . . . . . . . . . . . . . . . . | | | 51 |
| 18 | Interpretation- Integrated Document | §§ 1625,1639 CA Civil Code | Def. | . . . . . . | 52 |
| | Pltf Objection/Def Reply | . . . . . . . . . . . . . . . . . . . . . . . . . . . . | | | 53 |
| 19 | Interpretation- Must Not Render Clauses Meaningless | § 1641 CA Civil Code | Def. | . . . . . . | 54 |
| | Pltf Objection/Def Reply | . . . . . . . . . . . . . . . . . . . . . . . . . . . | | | 55 |
| 20 | Construction Against Drafter | CACI 320 | Pltf. | . . . . . . | 56 |
| | Def Objection/Pltf's Reply | . . . . . . . . . . . . . . . . . . . . . . . . . . | | | 57 |
| 21 | Parol Evidence/Deficiency of Terms | Witkin, etc | Pltf. | . . . . . . | 58 |
| | Def Objection/Pltf's Reply | . . . . . . . . . . . . . . . . . . . . . . . . . . | | | 59 |
| 22 | Parol Evidence/Modification to Contract | Wagner | Pltf. | . . . . . . | 60 |
| | Def Objection/Pltf's Reply | . . . . . . . . . . . . . . . . . . . . . . . . . . | | | 61 |
| 23 | Modification | BAJI 10.69 | Pltf. | . . . . . . | 62 |
| | Def Objection/Pltf's Reply | . . . . . . . . . . . . . . . . . . . . . . . . . . | | | 63 |
| 24 | Breach of Contract - Introduction | CACI 300 | Def. | . . . . . . | 64 |
| | Pltf Objection/Def Reply | . . . . . . . . . . . . . . . . . . . . . . . . . . . | | | 65 |
| 25 | Breach of Contract - Existence of Valid K | CACI 302 | Def. | . . . . . . | 66 |
| | Pltf Objection/Def Reply | . . . . . . . . . . . . . . . . . . . . . . . . . . . | | | 67 |
| 26 | Breach of Contract - Essential Elements | CACI 303 | Pltf. | . . . . . . | 68 |
| | Def Objection/Pltf's Reply | . . . . . . . . . . . . . . . . . . . . . . . . . . | | | 69 |
| 27 | Breach of Contract - Cond. Prec. Disputed | CACI 321 | Def. | . . . . . . | 70 |
| | Pltf Objection/Def Reply | . . . . . . . . . . . . . . . . . . . . . . . . . . . | | | 71 |
| 28 | Plaintiff not to be Put in Better Position | Valdez | Def. | . . . . . . | 72 |
| | Pltf Objection/Def Reply | . . . . . . . . . . . . . . . . . . . . . . . . . . . | | | 73 |
| 29 | No double damages | CACI 361 | Def. | . . . . . . | 74 |
| | Pltf Objection/Def Reply | . . . . . . . . . . . . . . . . . . . . . . . . . . . | | | 75 |

RICHLAND &
ASSOCIATES
ATTORNEYS AT LAW
BEVERLY HILLS

**SECTION V -  Reserved Requests Following Ruling on Pre-Trial Motions.**

The parties agree that they have reserved the right to request the following instructions following ruling on Motions in limine, Requests for Judicial Notice and further reserve any objections thereto.

| | | | | |
|---|---|---|---|---|
| 30-A | Damages — Proof | 9th Cir. 5.1/5.2 | Pltf. . . . . . . . . | 76 |
| | Def Objection/ Pltf Reply . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | | | 77 |
| 30-B | Damages — Proof | 9th Cir. 5.1 | Def. . . . . . . . | 80 |
| | Pltf's Objection/Def Reply . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | | | 81 |
| 31 | Plaintiff's Actual Damages | 9th Cir. 7.2(mod) | Pltf. . . . . . . | 82 |
| | Def Objection/ Pltf Reply . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | | | 83 |
| 32 | Pain &  Suffering in a Racial Discrimination Case | *Johnson, etc.* | Pltf. . . . . . . | 84 |
| | Def Objection/ Pltf Reply . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | | | 85 |
| 33 | Damages - Emotional Distress | BAJI 12.88 | Pltf. . . . . . . . . | 86 |
| | Def Objection/ Pltf Reply . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | | | 87 |
| 34 | Definition of Goodwill | 9th Cir. 15.25(mod) | Pltf. . . . . . . | 88 |
| | Def Objection/ Pltf Reply . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | | | 89 |
| 35 | Special Damages | BAJI 10.92 | Pltf. . . . . . . | 90 |
| | Objection . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | | | 91 |
| 36 | Punitive Damages | BAJI 7.94 | Pltf. . . . . . . | 92 |
| | Def Objection/ Pltf Reply . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | | | 93 |
| 37 | Judicial Notice | 9th Cir. 2.3 | Pltf. . . . . . . | 94 |
| | Def Objection/ Pltf Reply . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | | | 95 |

**SECTION VI - Reserved Request at Close of Evidence:**

The parties agree that they have reserved the right to request the following instructions at the close of evidence, if applicable, and reserve any objections thereto.

| | | | | |
|---|---|---|---|---|
| 38 | Failure to Deny Evidence | CACI 205 | Def. . . . . . . | 96 |
| 39 | Charts & Summaries - Not in Evidence | 9th Cir. 2.12 | Def. . . . . . . | 97 |

RICHLAND &
ASSOCIATES
ATTORNEYS AT LAW
BEVERLY HILLS

40    Charts & Summaries - In Evidence    9th Cir. 2.13    Def.   . . . . . . . 98

41    Deposition in Lieu of Live Testimony    9th Cir. 2.4    Pltf.   . . . . . . . 99

     Def Objection/ Pltf Reply   . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 100

RICHLAND &
ASSOCIATES
ATTORNEYS AT LAW
BEVERLY HILLS

**PROPOSED INSTRUCTION NO.: 1-A**

**SECTION 1981 CLAIM—**
**INTRODUCTORY INSTRUCTION**
9th Cir. 9.1 (Modified)

   The plaintiff brings his claim under the federal statute, 42 U.S.C. § 1981, which provides that any person or persons who deprives another of any rights, privileges, or immunities secured by the Constitution or laws of the United States shall be liable to the injured party.

---

**Unmodified Version:**

  9.1 SECTION 1983 CLAIM—INTRODUCTORY INSTRUCTION

   The plaintiff brings [his] [her] claim[s] under the federal statute, 42 U.S.C. § 1983, which provides that any person or persons who, under color of law, deprives another of any rights, privileges, or immunities secured by the Constitution or laws of the United States shall be liable to the injured party.

| REQUESTED BY:  **PLTF** | GIVEN | GIVEN AS MODIFIED | REFUSED |
|---|---|---|---|

1

**DEF OBJECTION**

This instruction does not quote the provision of the statute that applies to this case, and is therefore confusing.

See proposed alternate instruction 1-B that quotes the applicable statutory provision.

**PLTF REPLY TO OBJECTION**

This is an introductory statement - a general statement that advises the jury that the deprivation of any rights secured by the Constitution are actionable. It is not meant to be all inclusive. The provisions of 1981 are set forth with more particularity hereafter in the "elements and burden of proof" instructions.

The 9th Cir. employs an introductory instruction for 1983 cases. It is appropriate to modify that approved instruction for this case.

2

**PROPOSED INSTRUCTION NO.: 1-B**

**FEDERAL CIVIL RIGHTS ACT –
PURPOSE OF STATUTE**
Modern Fed. Jury Inst. Civil 87-2.
Matthew Bender, 2007

The purpose of section 1981 is to secure freedom to all persons and to protect individuals in the full enjoyment of the rights of person and property by prohibiting all racially motivated discrimination.

This statute applies to racial discrimination, both public and private, as well as to discrimination against aliens.

| REQUESTED BY:  **DEF** | GIVEN | GIVEN AS MODIFIED | REFUSED |
|---|---|---|---|

3

## PLTF OBJECTION

The Civil Rights Act encompasses many protected classes, i.e. race, ethnicity, age, gender, sexual preference, religion, etc. This proposed instruction isolates a random two protected classes - race and aliens.  It is unclear the intent of the drafters of the "modern" instruction - but it is prejudicial as written.  An instruction that focuses on only two protected classes, one of which currently happens to be a polarizing issue politically, is to invite jury nullification of the statute.  The instruction is unnecessary.

The jury should be permitted to decide the facts in this case without having to consider the non-relevant issue of extending constitutional protections to aliens, for which they may have very strong feelings to the contrary.

Further, the instruction is redundant - See Agreed to Instructions JI # 21 at pg. 21.

Plaintiff does not object to the following instruction re purpose:

*"The purpose of Section 1981 is to eliminate practices which employ racial differences as a basis of decision making."*  Modern Fed. J I 87-8 (partial -see last ¶)

## DEF REPLY TO OBJECTION

Nothing in this instruction is redundant or suggests that the jury should engage in nullification.

4

## PROPOSED INSTRUCTION NO.: 2-A

## VIOLATIONS OF FEDERAL CIVIL RIGHTS–
## ELEMENTS AND BURDEN OF PROOF

*Lindsey v. SLT Los Angeles, LLC, 447 F.3d 1138 (9th Cir. 2006)*
*Christian v. Waf Mart Stores, 252 F. 3d 862, 872 (6th Cir. 200j)*
*Bratton. v. Rortlwav Packages Inc., 77 F.3d1168 176 (7th Cir. 1996)*

On plaintiff's 1981 claim, the plaintiff has the burden of proving each of the following elements by a preponderance of the evidence:

(1)    plaintiff is a member of a protected class;

(2)    plaintiff attempted to contract for certain services; and

(3)    plaintiff's race was a motivating factor in the decision to deny the contractual services.

If you find that each of the elements on which the plaintiff has the burden of proof has been proved, your verdict should be for the plaintiff.   If, on the other hand, the plaintiff has failed to prove any of these elements, your verdict should be for the defendant.

| REQUESTED BY:  **PLTF** | GIVEN | GIVEN AS MODIFIED | REFUSED |
|---|---|---|---|
| | | | |

**DEF OBJECTION:**

   Starwood objects to elements number two as inapplicable to this case. There is no dispute that Mr. Lindsey was allowed to contract for services with the hotel. The dispute is whether Starwood breached the contract that was executed. This element should state "Starwood denied Mr. Lindsey the right to make or enforce a contract for hotel event space."

**See Defendant's Proposed Instruction 2-B**

**PLTF REPLY TO OBJECTION:**

   Proposed language in element 2 is "contract for certain services". That is the issue in the case. The hotel took the position that the Kermani group "contracted for the ballroom" and Mr. Lindsey did not. Mr. Lindsey has the right to establish that he was denied the right to contract for certain services and that persons outside his protected class were.

## PROPOSED INSTRUCTION NO.: 2-B

### FEDERAL CIVIL RIGHTS ACT–
### ELEMENTS

*Saint Francis College v. Al-Khazraji*, 481 U.S. 604, 613 (1987)
*Lindsey v. SLT Los Angeles, LLC,* 447 F.3d 1138, 1144-45 (9th Cir. 2006)

To prevail on this claim, Mr. Lindsey has the burden to prove each of the following elements by a preponderance of the evidence:

1.     Mr. Lindsey is a member of a protected racial group;
2.     Starwood Hotels denied Mr. Lindsey the right to make or enforce a contract for hotel event space;
3.     Starwood Hotels intentionally discriminated against Mr. Lindsey because of race.

| REQUESTED BY:  **DEF** | GIVEN | GIVEN AS MODIFIED | REFUSED |
|---|---|---|---|

**PLTF OBJECTION**:

   See Plaintiff's Proposed Instruction 2-A.  Jacob Stark should be in place of Starwood Hotels. **(1) Racial Group** should be "protected class". **(2)denied... the right to make or enforce a contract for hotel event space..** The use of the terms "make or enforce" is incorrect standard.(3) **"intentionally discriminated"** is the legal conclusion, not the jury instruction .  The correct test is was the denial of contractual services racially motivated.

**DEF REPLY TO OBJECTION:**

## PROPOSED INSTRUCTION NO.: 3

### FEDERAL CIVIL RIGHTS ACT –
### RIGHT TO CONTRACT
Modern Fed. Jury Inst. Civil  87- 3 (Mod) ; 42 U.S.C. § 1981.
Matthew Bender, 2007


Section 1981 guarantees each person, regardless of race or citizenship, freedom from discrimination in the making and enforcing of contracts. [ *The term "make and enforce contracts" includes the making, performance, modification, and termination of contracts, and the enjoyment of the benefits, privileges, terms, and conditions of the contractual relationship.*]

The opportunity to contract, or enter into agreements, is denied in violation of section 1981 when, on the basis of race or citizenship, a defendant refuses to contract at all or when, on the basis of race or citizenship, he varies the terms of his offers or acceptances to contract.  If, because of his race, the plaintiff is denied the right to contract entirely, or is given less opportunity to contract, or is offered less favorable contractual terms or unequal treatment so as to discourage him from entering the contract, he has a claim under section 1981.


*[ added text]*

| REQUESTED BY:  **DEF** | GIVEN | GIVEN AS MODIFIED | REFUSED |
|---|---|---|---|

9

## PLTF OBJECTION

The added text is redundant to Agreed to JI # 21 at pg 2, ¶ 3.

Additionally, this instruction is confusing as applied to the facts in this case. It is simply inapplicable and not a full statement of the applicable law.  The elements set forth below do not apply to the Lindsey case and are entirely off point.  The jury could interpret this instruction to find that Lindesy has not satisfied any of theses elements and conclude no denial of contractual services.  There is no issue re (1) refusal to contract; (2) variance of the terms of offer or acceptance to contract; (3) denial of the right to contract entirely; (4) given less opportunity to contract; or (5) offered less favorable contractual terms or unequal treatment so as to discourage him from entering the contract.

This case is specific to performance and the discriminatory practice engaged in by the hotel when performing its services and obligations under the contract.

This instruction invites error.

## DEF REPLY TO OBJECTION

There is nothing inappropriate about this instruction.  It simply quotes the statute.  This instruction is taken from the Modern Federal Jury Instructions book, which has been cited with approval by the Ninth Circuit.

PROPOSED INSTRUCTION NO.: 4
FEDERAL CIVIL RIGHTS ACT –
RACIAL DISCRIMINATION DEFINED
Modern Fed. Jury Inst. Civil  87- 6
Matthew Bender, 2007

Section 1981 is directed only at racial discrimination. You must determine whether the discrimination, if any, involved in this case was racial discrimination.  It is not necessary, in order to determine that the discrimination was based on race, for you to find that the class being discriminated against constitutes a discrete "race," as that term is commonly understood today.  If the plaintiff was subjected to intentional discrimination solely because of his ancestry or ethnic characteristics, then you should find that the alleged discrimination was based on race.  If, however, you believe that the alleged discrimination was not based on race alone, but rather on sex, religion or country of birth, then you must find for the defendant.

| REQUESTED BY:  **DEF** | GIVEN | GIVEN AS MODIFIED | REFUSED |
|---|---|---|---|

11

**PLTF OBJECTION**

        This instruction applies to cases where ethnicity not race is at issue.  This instruction directs the jury to deem "ethnicity" as "race" for purposes of determining an §1981 violation.  Plaintiff is African-American - not a contested issue.  Defendant has stipulated that Plaintiff is a member of a protected class.  Ethnicity is inapplicable to our factual situation and this instruction does not apply.

        Additionally, the statement "If the plaintiff was subjected to intentional discrimination solely because of his ancestry... However, if you find the discrimination was not based on race alone, ..... you should find for the defendant" is actually misleading and confusing and contradicts the instruction on the elements of a 1981 action which merely requires the jury to find by a preponderance of the evidence that race was a motivating factor in the denial of services.

        This instruction is not approved and the "definition" is meant to include ethnicity as a protected class - not vary the proof elements in a discrimination case.

**DEF REPLY TO OBJECTION**

        Starwood stipulates that Mr. Lindsey is African-American, but this instruction is still important in that it clarifies for the jury that only racial discrimination is prohibited by the statute.  The jury could find that, even though Mr. Lindsey is African-American, and even if he was denied the alleged contractual right to use the Grand Ballroom, that denial was not because of his race.  The instruction is directly applicable to this case.

12

## PROPOSED INSTRUCTION NO.: 5-A

### INTENTIONAL DISCRIMINATION
9th Cir. 11.7B (Modified)

If you find that the plaintiff is entitled to recover general, economic and/or nominal damages, you must also determine if the defendant's discriminatory act or conduct was intentional. The plaintiff has the burden of proving intentional discrimination by a preponderance of the evidence.

A defendant's conduct is intentional if the defendant knew or showed reckless disregard for whether, the alleged discriminatory act was prohibited by law.

Lack of credibility or attacks on credibility alone may provide enough circumstantial evidence to support a finding of intentional discrimination. While direct evidence of discriminatory intent, such as racial slurs, could further support such a finding, they are not required if the plaintiff presents specific and substantial circumstantial evidence that tends to show that the proffered motives for the alleged discriminatory act/conduct were not the actual motives because they are inconsistent or otherwise not believable.

You are the sole judges of credibility and may infer the ultimate fact of intentional discrimination from the falsity of the explanation proffered for the discriminatory act/conduct.

| REQUESTED BY: **PLTF** | GIVEN | GIVEN AS MODIFIED | REFUSED |
|---|---|---|---|

13

## DEF OBJECTION

This does not accurately quote Instruction 11.7B, which deals with liquidated damages under the Age Discrimination in Employment Act. Obviously, that instruction is not applicable in this case. The third and fourth paragraph of this proposed instruction appear nowhere in Model Instruction 11.7B and are contrary to the requirement that a plaintiff prove intentional race discrimination. There is no case supporting the proposition that "attacks on credibility alone" may prove intentional race discrimination.

## PLTF REPLY TO OBJECTION

The 9th Cir in the *Lindsey* opinion specifically addressed the issue of inferring discrimination from other facts, including the lack of credibility of Stark, as did the United State Supreme Court in Reeves.

*Reeves v. Sanderson Plumbing Prods 530 US. 133.,147 ; 120 S. Ct, 2097(2000)*
*Godwin v. Hunt Wesson, Inc,,150 F. 3d 1217, 1222. (8th Cir.1998).*
*Lindsey v. SLT Los Angeles, LLC, 447 F.3d 1138, (2006)*
*Christian v. Wal Mart Stores, Inc.252 252 F 3d 862, 872 (6th Cir. 200j);*
*Bratton. v. Roadway  Packages Inc., 77 F.3d1168 176 (7th Cir. 1996).*

---

**Unmodified Version:**

### 9th Cir 11.7B

If you find that the plaintiff is entitled to recover back pay, you must also determine if the defendant's conduct was willful. The plaintiff has the burden of proving willfulness by a preponderance of the evidence.

A defendant's conduct is willful if the defendant knew or showed reckless disregard for whether, the [describe the alleged discriminatory act] was prohibited by law.

14

**PROPOSED INSTRUCTION NO.: 5-B**

**FEDERAL CIVIL RIGHTS ACT –**
**PROVING RACIAL DISCRIMINATION**
Modern Fed. Jury Inst. Civil  87-11
Matthew Bender, 2007

To establish his case under section 1981, the plaintiff must convince you by a preponderance of the evidence that the defendant was motivated by a racially discriminatory purpose – that is, the plaintiff must prove that the defendant intentionally and purposefully discriminated against him because of race.

In determining whether the defendant intentionally discriminated on the basis of race, you may consider all the evidence presented in the case.  The plaintiff may use either direct or indirect evidence to meet this burden. [text omitted #1]

*[To prevail on this claim,]* [text omitted #2] the plaintiff must prove that the defendant actually was motivated by a racially discriminatory purpose.  It is not enough for the plaintiff to show, for example, that the defendant's conduct had a negative impact on members of the plaintiff's race or that a policy of the defendant, neutral on its face, had a disproportionate negative effect on members of his race.  When taken together with other evidence, such evidence may prove that the defendant was motivated by a racially discriminatory purpose. You must remember, however, that the mere existence of such disparities does not automatically demonstrate a discriminatory intent.

*[added text]*

[ #1:  In a moment, I will explain what I mean by direct evidence and indirect evidence. For now, you should understand only that the plaintiff may use either or both in attempting to prove that the defendant intended to discriminate against him.]


[#2: You should also understand that]


| REQUESTED BY:  **DEF** | GIVEN | GIVEN AS MODIFIED | REFUSED |
|---|---|---|---|

15

## PLTF OBJECTION

Contradicts approved 9th cir. instructions and case law about circumstantial evidence of discriminatory intent as it applies to the performance of contractual services. This proposed instruction is one that is written for the employment context when a jury is presented with evidence of disparate impact or disparate treatment.

It also adds "purposefully" element not required under 1981 - only intentionality. This instruction is not approved by the 9th Cir - and invites error.

## DEF REPLY TO OBJECTION

This instruction does not conflict with any Ninth Circuit instruction and it does not invite error. The instruction clarifies that the jury may find liability under the statute only if it finds that Starwood intentionally discriminated on the basis of race, which is consistent with Supreme Court and Ninth Circuit case law.

## PROPOSED INSTRUCTION NO.: 5-C

**FEDERAL CIVIL RIGHT ACT –**
**DIRECT EVIDENCE OF INTENT**
Modern Fed. Jury Inst. Civil 87- 12
Matthew Bender, 2007

The plaintiff may prove that the defendant was motivated by a racially discriminatory purpose by presenting direct evidence to that effect. Direct evidence is evidence which, by its very nature, speaks to the issue sought to be proved. An example of direct evidence would be a statement by the defendant that he intended to discriminate against the plaintiff or the racial group to which he belongs. The plaintiff is not required to prove his case by direct evidence, but he may do so. You should consider this direct evidence along with all of the evidence in the case and determine whether it convinces you, by a preponderance of the evidence, that the defendant was motivated by a racially discriminatory purpose.

| REQUESTED BY:  **DEF** | GIVEN | GIVEN AS MODIFIED | REFUSED |
|---|---|---|---|
| | | | |

17

## **PLTF OBJECTION**

Inapplicable to facts in this case. Direct evidence of discriminatory intent is not required and to instruct on it when there is no direct evidence of discriminatory intent is tantamount to making it a required element.

This instruction conflicts with the 9th Cir. approved instruction 11.7B - See Proposed 5-A hereto requested by Plaintiff.

## **DEF REPLY TO OBJECTION**

Starwood has provided the full cite to Modern Federal Jury Instructions. If Mr. Lindsey stipulates that he lacks any direct evidence of discrimination, Starwood will agree to withdraw this instruction.

18

**PROPOSED INSTRUCTION NO.: 5-D**

**FEDERAL CIVIL RIGHTS ACT –**
**INDIRECT EVIDENCE OF INTENT**
Modern Fed. Jury Inst. Civil  87-13
Matthew Bender, 2007

The plaintiff may prove that the defendant was motivated by a racially discriminatory purpose by presenting what is called indirect evidence to that effect. Indirect evidence is evidence (historical, statistical, comparative, or individual) which, though it does not speak directly to the issue sought to be proved, provides the basis for an inference with regard to that issue.  An example of indirect evidence would be evidence that an apparently neutral policy consistently and strongly works to the disadvantage of the group to which the plaintiff belongs. The plaintiff may use such evidence in attempting to prove to you that the defendant was motivated by a racially discriminatory purpose, and, if you believe the evidence establishes that fact, you may use it as the basis of your finding of intent.

As you consider this evidence, remember that the plaintiff must prove more than the occurrence of isolated or accidental acts; he must establish by a preponderance of the evidence that the defendant intentionally discriminated against him on the basis of race. You should consider the plaintiff's indirect evidence along with all of the evidence in the case and determine whether it proves by a preponderance of the evidence, that the defendant was motivated by a racially discriminatory purpose.

| REQUESTED BY:  **DEF** | GIVEN | GIVEN AS MODIFIED | REFUSED |
|---|---|---|---|
| | | | |

19

**PLTF OBJECTION**

Improper definition of indirect evidence being "statistical, historical, comparative". Again this instruction is tailored to employment cases when there is evidence of disparate treatment. Additional instruction regarding "evidence that an apparently neutral policy consistently and strongly works to the disadvantage of the group to which the plaintiff belongs" is also inapplicable to the contractual scenario presented in this case. This instruction invites the jury to look for these elements and in the absence of them, find no indirect evidence of discrimination.

Completely contrary to 9th cir case law and instructions related to being denied contractual services.

**DEF REPLY TO OBJECTION**

Nothing in this instruction contradicts any Ninth Circuit instruction or decision. The types of indirect evidence provided are only examples, and the jury is not limited to those examples

PROPOSED INSTRUCTION NO.: 6

**FEDERAL CIVIL RIGHTS ACT –
PRETEXT; BUSINESS JUDGMENT**
*Villiarimo v. Aloha Island Air, Inc.,* 281 F.3d 1054, 1063 (9th Cir. 2002)
*Essex v. UPS, Inc.,* 111 F.3d 1304, 1310 (7th Cir. 1997)

In this case, the plaintiff contends that the defendant's articulated reason for his action is nothing more than a pretext for intentional discrimination. In other words, the plaintiff contends that the defendant's reasons are not the true reasons for its actions, that such reasons are unworthy of belief, and that the true reason for its decision was intentional discrimination.

When you consider this contention, you must keep in mind that the only relevant question is whether the defendant acted with the intent to discriminate. The question is not whether the defendant's reason showed poor or erroneous judgment. You are not to consider whether the defendant's decision was wise, fair, or correct, or whether you would have made a different decision. A defendant is entitled to make a business decision for a good reason, a bad reason or for no reason at all, so long as the decision is not motivated by unlawful discrimination.

It is the plaintiff's burden to persuade you, by a preponderance of the evidence that the defendant took action against plaintiff because of his race. If the plaintiff meets this burden, then you must find for the plaintiff. If the plaintiff does not meet this burden, then you must find for the defendant.

| REQUESTED BY:  **DEF** | GIVEN | GIVEN AS MODIFIED | REFUSED |
|---|---|---|---|

21

## PLTF OBJECTION

No McDonnell Douglas burden-shifting instruction should be given in Title VII cases. Costa, 299 F.3d at 855 ("It is not normally appropriate to introduce the McDonnell Douglas burden-shifting framework to the jury"). See also Sanghvi v. City of Claremont, 328 F.3d 532, 540 (9th Cir.2003) ("it is error to charge the jury with the elements of the McDonnell Douglas prima facie case"). Cases discussing pretext and burden shifting arise in the summary judgment and directed verdict context. See Yartzoff v. Thomas, 809 F.2d 1371, 1375 (9th Cir.1987), cert. denied, 498 U.S. 939 (1990).

## DEF REPLY TO OBJECTION

This instruction is based directly on a Ninth Circuit case that is good law.  It is important that the jury know that it's only task is to determine whether Starwood intentionally discriminated on the basis of race, not whether its actions were unfair or imprudent.

**PROPOSED INSTRUCTION NO.: 7**

**PRESUMPTION OF REGULARITY –**
**ORDINARY COURSE OF BUSINESS – OBEDIENCE TO LAW**
Devitt, Blackmar, et al., *Federal Jury Practice and Instructions*
(4th ed. and Supp. 1999), § 72.04

You are to consider only the evidence in the case. But in your consideration of the evidence, you are not limited to the bald statements of the witnesses. In other words, you are not limited to what you see and hear as the witnesses testify. You are permitted to draw, from the facts which you find have been proved, such reasonable inferences as seem justified in the light of your experience.

Inferences are deductions or conclusions which reason and common sense lead the jury to draw from facts which have been established by the evidence in the case.

Unless and until outweighed by evidence in the case to the contrary, you may find that official duty has been regularly performed; that private transactions have been fair and regular; that the ordinary course of business or employment has been followed; that things have happened according to the ordinary course of nature and the ordinary habits of life; and that the law has been obeyed.

| REQUESTED BY:   DEF | GIVEN | GIVEN AS MODIFIED | REFUSED |
|---|---|---|---|
|  |  |  |  |

23

## PLTF OBJECTION

This is a burden shifting instruction which is error. This instruction relieves that defense from having to establish the affirmative defenses that hotel obligations under the contract were "regularly performed" or that services provided under the contract were "fair and regular" or that the "ordinary course of business was followed", that the actions taken by the hotel were "according to the ordinary course of nature and the ordinary habits of life' and that "the law" was "obeyed".

All of these statements are tantamount to affirmative defenses to a 1981 action and it would be error to instruct the jury to presume the affirmative defenses as being proved/established without the defense having to make such affirmative showing(s).

## DEF REPLY TO OBJECTION

This instruction does not improperly shift the burden. As the Plaintiff, Mr. Lindsey at all times has the burden to prove each element of his claims by a preponderance of the evidence. This instruction simply clarifies for the jury that, unless and until he does so, the jury may find that the law has been obeyed. This instruction is taken from Devitt & Blackmar, which this Court has directed the parties to use where applicable.

24

## PROPOSED INSTRUCTION NO.: 8-A

### PUNITIVE DAMAGES
9th Cir. 5.5

If you find for the plaintiff, you may, but are not required to, award punitive damages. The purposes of punitive damages are not to compensate a plaintiff, but to punish a defendant and to deter a defendant and others from committing similar acts in the future.

The plaintiff has the burden of proving that punitive damages should be awarded, and the amount, by a preponderance of the evidence. You may award punitive damages only if you find that the defendant's conduct was malicious, [deleted text #1] or in reckless disregard of the plaintiff's rights. Conduct is malicious if it is accompanied by ill will, or spite, or if it is for the purpose of injuring another. Conduct is in reckless disregard of the plaintiff's rights if, under the circumstances, it reflects complete indifference to the plaintiff's safety or rights. [deleted text # 2]  [deleted text # 3]

If you find that punitive damages are appropriate, you must use reason in setting the amount.  Punitive damages, if any, should be in an amount sufficient to fulfill their purposes but should not reflect bias, prejudice or sympathy toward any party.  In considering punitive damages, you may consider the degree of reprehensibility of the defendant's conduct and the relationship of any award of punitive damages to any actual harm inflicted on the plaintiff.

[deleted text#4] Punitive damages may be awarded even if you award plaintiff only nominal, and not compensatory, damages.

#1 -   [oppressive]
#2 -   [or the defendant acts in the face of a perceived risk that its actions will violate the plaintiff's rights under federal law]
#3 -   [An act or omission is oppressive if the person who [performs] [fails to perform] it injures or damages or otherwise violates the rights of the plaintiff with unnecessary harshness or severity, such as by the misuse or abuse of authority or power or by the taking advantage of some weakness or disability or misfortune of the plaintiff.]
#4 -   [Punitive damages may not be awarded against _____.] [You may impose punitive damages against one or more of the defendants and not others, and may award different amounts against different defendants.]

| REQUESTED BY:  **PLTF** | GIVEN | GIVEN AS MODIFIED | REFUSED |
|---|---|---|---|
|  |  |  |  |

25

## DEF OBJECTION

This instruction is proper only in a non-bifurcated trial, in which the jury considers both whether punitive damages are appropriate, and the amount of punitive damages. Starwood Hotels has requested that the punitive damages phase be bifurcated and that the Court exclude all testimony and argument regarding Starwood Hotels' finances unless and until the jury determines that punitive damages are appropriate. Starwood Hotels has proposed a version of this instruction that is appropriate for a bifurcated trial.

## PLTF REPLY TO OBJECTION

Pltf objects to bifurcation. Furthermore, there is no evidence to suggest oppression and accordingly and in conformance with the use notes, that reference as an alternative theory to liability should be omitted form the instruction.

## PROPOSED INSTRUCTION NO.: 8-B

## FEDERAL CIVIL RIGHTS ACT –
## PUNITIVE DAMAGES
9th Cir. 5.5 (Modified for bifurcated trial)


If you find for the plaintiff, you may, but are not required to, award punitive damages. The purposes of punitive damages are not to compensate a plaintiff, but to punish a defendant and to deter a defendant and others from committing similar acts in the future.

The plaintiff has the burden of proving that punitive damages should be awarded by a preponderance of the evidence. You may award punitive damages only if you find that the defendant's conduct was malicious, oppressive or in reckless disregard of the plaintiff's rights. Conduct is malicious if it is accompanied by ill will, or spite, or if it is for the purpose of injuring another. Conduct is in reckless disregard of the plaintiff's rights if, under the circumstances, it reflects complete indifference to the plaintiff's safety or rights, or the defendant acts in the face of a perceived risk that its actions will violate the plaintiff's rights under federal law. An act or omission is oppressive if the person who performs it injures or damages or otherwise violates the rights of the plaintiff with unnecessary harshness or severity, such as by the misuse or abuse of authority or power or by the taking advantage of some weakness or disability or misfortune of the plaintiff.

| REQUESTED BY:  **DEF** | GIVEN | GIVEN AS MODIFIED | REFUSED |
|---|---|---|---|

**PLTF OBJECTION**

References to "perceived risk" and "oppression" are inapplicable.

**DEF REPLY TO OBJECTION**

## PROPOSED INSTRUCTION NO.: 9

## CORPORATION ACTS THROUGH ITS
## OFFICERS AND EMPLOYEES
BAJI 13.30

Starwood Hotels is a corporation. A corporation can act only through its officers and employees. Any act or omission of an officer or employee within the scope of employment is in law the act or omission of such corporation.

---

**Unmodified Version:**

BAJI 13.30

_____ is a corporation and as such can act only through its officers and employees. Any act or omission of an officer or employee within the scope of [authority] [or] [employment] is in law the act or omission of such corporation.

| REQUESTED BY:  **PLTF** | GIVEN | GIVEN AS MODIFIED | REFUSED |
|---|---|---|---|

29

## DEF OBJECTION

This instruction is one-sided. It should apply both to Starwood and Panache Images. Although Panache Images is not a party to this action, it is Defendant's position that when Plaintiff signed agreement he did so as a Director of Panache Images and not in his individual capacity.

## PLTF REPLY TO OBJECTION

Mr. Lindsey brought this action in his individual capacity. Panache Images was a sole proprietorship at all times relevant to this action. See also Points & Authorities raised in opposition to Motion in Limine on this point.

## PROPOSED INSTRUCTION NO.: 10-A

### UNRUH ACT AS VIOLATION
BAJI 7.92 (Mod)

The plaintiff [deleted "also"] seeks to recover damages based upon a claimed violation of the "Unruh Civil Rights Act."

The essential elements of this claim are:

1.     The plaintiff was denied the full and equal accommodations, advantages, facilities, privileges, or services in a business establishment;

*[STARWOOD HOTELS dba Westin is a business establishment]*

2.     Plaintiff's [deleted "perceived"] race was a motivating factor for this discrimination;

3.     Defendant denied plaintiff of the full and equal accommodations, advantages, facilities, privileges, or services; and

[deleted text # 1]

4/5.   Defendant's wrongful conduct caused plaintiff to suffer injury, damage, loss or harm.

[deleted text # 2]

*[added text]*

#1 - [4. The denial was arbitrary; and]

#2 - [A business policy, practice or limitation is not arbitrary if it is reasonably related to a valid business objective. Your determination of whether the action taken was arbitrary, requires an examination of the entire context of the factual situation in which the action was taken or the conduct occurred. The action or conduct alleged to be discriminatory must be considered with respect to the defendant's type of business, and its legitimate business interests.  The plaintiff has the burden of proving by a preponderance of the evidence all of the facts necessary to establish essential elements number 1, 2, 3 and 5. The defendant has the burden of proving by a preponderance of the evidence all of the facts necessary to establish that the denial was not arbitrary, but rather was action taken reasonably related to a valid business objective, namely _____

| REQUESTED BY:  **PLTF** | GIVEN | GIVEN AS MODIFIED | REFUSED |
|---|---|---|---|

31

## DEF OBJECTION

Starwood Hotels objects to the extent this instruction fails to include the element in BAJI 7.92 with respect to whether the defendant's action was arbitrary.

## PLTF REPLY TO OBJECTION

Arbitrariness only applies in the employment context and then only when the defendant has asserted an affirmative defense of a specific valid business objective.  See instruction blank which requires the "valid business objective" to be inserted into the instruction.

## PROPOSED INSTRUCTION NO.: 10-B

## UNRUH CIVIL RIGHTS ACT – ESSENTIAL FACTUAL ELEMENTS
### BAJI 7.92

Mr. Lindsey also seeks to recover damages based upon a claimed violation of the "Unruh Civil Rights Act."

The essential elements of this claim are:

1. The plaintiff was denied the full and equal accommodations, advantages, facilities, privileges, or services in a business establishment;
2. Plaintiff's race was a motivating factor for this denial;
3. Defendant made any discrimination or distinction which deprived plaintiff of the full and equal accommodations, advantages, facilities, privileges, or services;
4. The denial was arbitrary; and
5. Defendant's wrongful conduct caused plaintiff to suffer injury, damage, loss or harm.

A business policy, practice or limitation is not arbitrary if it is reasonably related to a valid business objective. Your determination of whether the action taken was arbitrary, requires an examination of the entire context of the factual situation in which the action was taken or the conduct occurred. The action or conduct alleged to be discriminatory must be considered with respect to the defendant's type of business, and its legitimate business interests.

The plaintiff has the burden of proving by a preponderance of the evidence all of the facts necessary to establish essential elements number 1, 2, 3 and 5. The defendant has the burden of proving by a preponderance of the evidence all of the facts necessary to establish that the denial was not arbitrary, but rather was action taken reasonably related to a valid business objective, namely *[determining which group was entitled to the Grand Ballroom.]*

*[text added]*

| REQUESTED BY:  **DEF** | GIVEN | GIVEN AS MODIFIED | REFUSED |
|---|---|---|---|
| | | | |

33

## PLTF OBJECTION

       Arbitrariness only applies in the employment context and then only when the defendant has asserted an affirmative defense of a specific valid business objective. See instruction blank which requires the "valid business objective" to be inserted into the instruction. ¶ 3 reference to "discriminated against" is the wrong element under a contract case.

## DEF REPLY TO OBJECTION

**Unmodified Version:**

BAJI 7.92

The plaintiff [also] seeks to recover damages based upon a claimed violation of the "Unruh Civil Rights Act."

The essential elements of this claim are:

1. The plaintiff [was denied] [was discrimi. nated against] [, or] [a distinction was made between plaintiff and others,] [depriving plaintiff of] the full and equal accommodations, advantages, facilities, privileges, or services in a business establishment;

2. Plaintiff's [perceived] (sex, race, etc.) was a motivating factor for this [denial] [discrimination] [distinction];

3. Defendant [either] [denied or aided or incited a denial to plaintiff] [or] made any discrimination or distinction which deprived plaintiff] of the full and equal accommodations, advantages, facilities, privileges, or services;

[4.] [The [denial] [discrimination] [distinction] was arbitrary;] and

[4.] [5.] Defendant's wrongful conduct caused plaintiff to suffer injury, damage, loss or harm. [ is a business establishment.]

[A business policy, practice or limitation is not arbitrary if it is reasonably related to a valid business objective. Your determination of whether the action taken was arbitrary, requires an examination of the entire context of the factual situation in which the action was taken or the conduct occurred. The action or conduct alleged to be dis-_ criminatory must be considered with respect to the defendant's type of business, and it's legitimate business interests.

The plaintiff has the burden of proving by a preponderance of the evidence all of the facts necessary to establish essential elements number 1, 2, 3 and 5. The defendant has the burden of proving by a preponderance of the evidence all of the facts necessary to establish that the [denial] [discrimination] [distinction] was not arbitrary, but rather was action taken reasonably related to a valid business objective, namely .]

## PROPOSED INSTRUCTION NO.: 11

### UNRUH ACT /GENERAL DAMAGES
Civil Code § 52(a)

Whoever denies, aids or incites a denial, or makes any discrimination or distinction contrary to the Unruh Act as defined in the prior instruction, is liable for each and every offense for the actual damages, and any amount that may be determined by a jury, up to a maximum of three times the amount of actual damage but in no case less than four thousand dollars ($4,000).

| REQUESTED BY:  PLTF | GIVEN | GIVEN AS MODIFIED | REFUSED |
|---|---|---|---|

## DEF OBJECTION

Starwood Hotels objects to the extent the jury is instructed as to a minimum amount of damages that it may award.  This does not appear in either the CACI or BAJI instructions under the Unruh Act.  Indeed, the Judicial Council's comments to the CACI instructions state that the court should simply correct a verdict that does not comply with this provision, rather than instructing the jury as to the minimum and maximum damages.

## PLTF REPLY TO OBJECTION

This instruction is no different from the federal nominal damage instruction. It simply gives the jury a base award or minimum.

## PROPOSED INSTRUCTION NO.: 12

## CONTRACT DEFINED/ELEMENTS
### BAJI 10.55

A contract is an agreement between two or more persons to do or not to do a certain thing or things.

A [deleted text] contract requires:

1.    Parties having legal capacity to contract;

2.    Mutual consent;

3.    A lawful objective; and

4.    A sufficient consideration.

In this case, the parties were legally capable of contracting there was mutual consent, there was a lawful objective and there was sufficient consideration.

[valid]

---

**Unmodified Version:**

A contract is an agreement between two or more persons to do or not to do a certain thing or things.

A [valid] contract requires:

1. Parties having legal capacity to contract;

2. Mutual consent;

3. A lawful objective; and

4. A sufficient consideration.

[In this case, [the parties were legally capable of contracting] [,] [there was mutual consent] [,] [there was a lawful objective] [,] [and] [there was sufficient consideration].]

| REQUESTED BY:  **PLTF** | GIVEN | GIVEN AS MODIFIED | REFUSED |
|---|---|---|---|

38

## DEF OBJECTION

Starwood objects to the final paragraph, which purports to instruct the jury that all of these elements are established.  Starwood agrees only that there was a lawful objective to the contract.  To the extent Mr. Lindsey contends that the contract entitled him to the Grand Ballroom, Starwood does not agree that there was mutual consent.

## PLTF REPLY TO OBJECTION

See Plaintiffs Motions in Limine # 4 referencing¶ 14, (pg.)   to Starwood's Answer to Complaint wherein Starwood admits existence of a contract.

## PROPOSED INSTRUCTION NO.: 13

## EXPRESS OR IMPLIED CONTRACTS
BAJI 10.56

A contract may be express or implied.

In an express contract, the existence and terms of the contract are stated in words or the writings of the parties.

In an implied in fact contract, the existence and terms of the contract are inferred from the conduct of the parties.

---

**Unmodified Version:**

10.56

A contract may be [express] [or] [implied in fact] [,] [or] [implied in law].

[In an express contract, the existence and terms of the contract are stated in words or the writings of the parties.]

[In an implied in fact contract, the existence and terms of the contract are inferred from the conduct of the parties].

[In an implied in law contract, or a quasi-contract as it is sometimes called, a duty or obligation is created by law for reasons of fairness or justice. Such duty or obligation is not based upon the express or apparent intention of the parties.]

[The distinction between an express and an implied in fact contract relates only to the manner in which the agreement is shown. Both types are based upon the express or apparent intention of the parties.]

| REQUESTED BY: **PLTF** | GIVEN | GIVEN AS MODIFIED | REFUSED |
|---|---|---|---|

40

## DEF OBJECTION

This instruction is improper in this case.  The complaint alleges only the existence of a written contract.  *See,* Complaint ¶¶ 14, 35.  There is no allegation in the complaint of any implied or implied-in-fact contract, and therefore a jury instruction on that issue is inappropriate.

## PLTF REPLY TO OBJECTION

The jury should be permitted to conclude from the evidence that an implied in fact contract existed which included specific function space, all of which is supported by the conduct of the parties.

## PROPOSED INSTRUCTION NO.: 14

## ORAL AND WRITTEN CONTRACTS
BAJI 10.57

A contract may be oral, written, or partly oral and partly written. An oral, or a partly oral and partly written contract, is as valid and enforceable as a written contract.

---

**Unmodified Version:**

## BAJI 10.57

A contract may be oral, written, or partly oral and partly written. [Unless some law provides otherwise, an] [An] oral, or a partly oral and partly written contract, is as valid and enforceable as a written contract.

| REQUESTED BY:  PLTF | GIVEN | GIVEN AS MODIFIED | REFUSED |
|---|---|---|---|

42

## DEF OBJECTION

This instruction is improper in this case.  The complaint alleges only the existence of a written contract.  *See,* Complaint ¶¶ 14, 35.  There is no allegation in the complaint of any oral contract, and therefore a jury instruction on that issue is inappropriate.

## PLTF REPLY TO OBJECTION

The jury should be permitted to conclude from the evidence that the contract at issue was partly oral and partly written.

## PROPOSED INSTRUCTION NO.: 15

## ORAL AGREEMENT TO BE
## REDUCED TO WRITING
BAJI 10.58

When the parties orally or in writing agree that the terms of a proposed contract are to be reduced to writing and signed by them before it is to be effective, there is no binding agreement until a written contract is signed.

This rule does not mean that a contract already reduced to writing, and signed, is of no binding force merely because it contemplates a subsequent and more formal instrument. If the parties have orally agreed on all the terms and conditions of a contract with the mutual intention that it shall thereupon become binding, but also agree that a formal written agreement to the same effect shall be prepared and signed, the oral agreement is binding regardless of whether it is subsequently reduced to writing.

Whether it is the intention of the parties that the agreement should be binding at once, or when later reduced to writing, or to a more formal writing, is an issue of fact, and is to be determined by reference to the words the parties used, as well as upon all of the surrounding facts and circumstances.

| REQUESTED BY:  PLTF | GIVEN | GIVEN AS MODIFIED | REFUSED |
|---|---|---|---|
| | | | |

44

## DEF OBJECTION

This instruction is improper in this case.  The complaint alleges only the existence of a written contract.  *See,* Complaint ¶¶ 14, 35.  There is no allegation in the complaint of any oral agreement, and therefore a jury instruction on that issue is inappropriate.

## PLTF REPLY TO OBJECTION

It is a question of fact for the jury as to whether the contract is partly oral and partly written surrounding facts and circumstances.

## PROPOSED INSTRUCTION NO.:16

## COVENANT OF GOOD FAITH & FAIR DEALING
RESTATEMENT OF CONTRACTS §205


Every contract imposes upon each party a duty of good faith and fair dealing in its performance and its enforcement.

| REQUESTED BY:  **PLTF** | GIVEN | GIVEN AS MODIFIED | REFUSED |
|---|---|---|---|

**DEF OBJECTION**

       This instruction sets forth an incomplete principle of law.  The instruction should also state that the covenant of good faith and fair dealing is limited by the terms of the written contract, and that the covenant "cannot impose substantive duties or limits on the contracting parties beyond those incorporated in the specific terms of their agreement." *Guz v. Bechtel Nat'l, Inc.*, 24 Cal. 4th 317, 349-350 (2000).  *See also, Halvorsen v. Aramark Uniform Services, Inc.*, 65 Cal. App. 4th 1383, 1390 (1998) (holding that "implied terms should never be read to vary express terms").


**PLTF REPLY TO OBJECTION**

       The covenant of good faith and fair dealing is not limited by the express terms of the written contract.  It also extends to representations of terms in the formation of the contract.

**PROPOSED INSTRUCTION NO.: 17-A**

**INTERPRETATION – MEANING
OF ORDINARY WORDS**
CACI 315

You should assume that the parties intended the words in their contract to have their usual and ordinary meaning unless you decide that the parties intended the words to have a special meaning.

| REQUESTED BY:   **DEF** | GIVEN | GIVEN AS MODIFIED | REFUSED |
|---|---|---|---|

48

**PLTF OBJECTION**

However, particular expressions may, by trade usage, acquire a different meaning in reference to the subject matter of a contract. If both parties are engaged in that trade, the parties to the contract are deemed to have used them according to their different and peculiar sense as shown by such trade usage and parol evidence is admissible to establish the trade usage even though the words in their ordinary or legal meaning are entirely unambiguous.

*Hayter Trucking Inc. v. Shell Western E & P, Inc.* (1993) 18 Cal.App.4th 1, 15 22 Cal.Rptr.2d 229

Secondary Sources
1 Witkin, Summary of California Law (10th ed. 2005) Contracts, § 745 111

See Pltf's proposed instruction 17-B hereto.

**DEF REPLY TO OBJECTION**

Starwood does not understand this objection. There are absolutely no facts in this case that would support an instruction regarding "trade usage." The instruction as suggested by Starwood is proper.

## PROPOSED INSTRUCTION NO.: 17-B

### INTERPRETATION – MEANING
### OF ORDINARY WORDS
### CACI 315
*Hayter Trucking Inc. v. Shell Western E & P, Inc. (1993) 18 Cal.App.4th 1, 15*
*1 Witkin, Summary of California Law (10th ed. 2005) Contracts, § 745 , 111*

   You should assume that the parties intended the words in their contract to have their usual and ordinary meaning unless you decide that the parties intended the words to have a special meaning. However, particular expressions may, by trade usage, acquire a different meaning in reference to the subject matter of a contract. If both parties are engaged in that trade, the parties to the contract are deemed to have used them according to their different and peculiar sense as shown by such trade usage and parol evidence is admissible to establish the trade usage even though the words in their ordinary or legal meaning are entirely unambiguous.

| REQUESTED BY:  **PLTF** | GIVEN | GIVEN AS MODIFIED | REFUSED |
|---|---|---|---|

## DEF OBJECTION

   Starwood does not understand this objection.  There are absolutely no facts in this case that would support an instruction regarding "trade usage."  The instruction as suggested by Starwood is proper.


## PLTF REPLY TO OBJECTION

   There is terminology specific to the catering business and hotel contracts, e.g "guarantee", "minimums", "rounds", "pipe & drape" and others.

**PROPOSED INSTRUCTION NO.: 18**

**INTERPRETATION –
INTEGRATED WRITTEN CONTRACT**
*Cal. Civ. Code §§ 1625, 1639*
*EPA Real Estate Partnership v. Kang,* 12 Cal. App. 4th 171, 175 (1992)


     A written contract supersedes all prior negotiations or agreements between the parties concerning the subject matter of the contract.  If possible, the interpretation of a written contract is to be ascertained from the writing alone.

| REQUESTED BY:  **DEF** | GIVEN | GIVEN AS MODIFIED | REFUSED |
|---|---|---|---|

## PLTF OBJECTION

As a matter of law - the 4/30/01 contract is not integrated. It would be improper to give this instruction which also controverts parol evidence in this case.

## DEF REPLY TO OBJECTION

The objection is simply wrong.  The contract specifically stated that any changes to any terms must be approved in writing by the parties.  As a matter of law, the contract was integrated.  This instruction simply incorporates the elements of the statute, which the jury must consider in evaluating the breach of contract claim.

**PROPOSED INSTRUCTION NO.: 19**

**INTERPRETATION – MUST NOT RENDER
SOME CLAUSES MEANINGLESS**
*Cal. Civil Code §1641*
*City of Atascadero v. Merrill Lynch, Pierce, Fenner & Smith*, Inc.,
68 Cal. App. 4th 445 (1998)

Contractual language must be interpreted in a manner which gives force and effect to every provision, and not in a way which renders some clauses meaningless.

| REQUESTED BY:  **DEF** | GIVEN | GIVEN AS MODIFIED | REFUSED |
|---|---|---|---|

54

## PLTF OBJECTION

This instruction contradicts the modification instruction and therefore is not appropriate.  Also not an approved instruction.

## DEF REPLY TO OBJECTION

This instruction is proper, does not contradict any other proper instructions, and simply reflects the requirements of the statute.

## PROPOSED INSTRUCTION NO.: 20

## CONSTRUCTION AGAINST DRAFTER
### CACI 320

  In determining the meaning of a term of the contract, you must first consider all of the other instructions that I have given you. If, after considering these instructions, you still cannot agree on the meaning of the term, then you should interpret the contract term against the party that drafted the term, the party that caused the uncertainty.

| REQUESTED BY:  **PLTF** | GIVEN | GIVEN AS MODIFIED | REFUSED |
|---|---|---|---|

56

## DEF OBJECTION

This instruction is inappropriate in this case because neither party was the sole drafter of the contract. Eric Lindsey specifically made changes to the contract and initialed those changes. Both parties hade a drafting role, so there is no purpose for this instruction.

## PLTF REPLY TO OBJECTION

The catering contract is drafted by the hotel - not the customer. The policy of the hotel specifically directed persons in the catering department "not to specify function space" in the written contract - so as to maximize revenue, i.e. be able to sell all possible space. This policy clearly can be attributed to "the party that caused the uncertainty." Accordingly, Pltf is entitled to this instruction as a matter of law.

## PROPOSED INSTRUCTION NO.: 21

## PAROL EVIDENCE
## TO SUPPLY DEFICIENCY TO
## UNEXPRESSED TERMS OF CONTRACT

*2 Witkin, Rest.2d, Contracts, § 971, pp. 917-918.*
*Gerdlund v. Electronic Dispensers International,* 190 Cal.App.3d at 270
*Magna Development Company v. Reed* (1964) 228 Cal. App. 2d 230; 39
*California Lettuce Growers, Inc. v. Union Sugar Co.*(1955) 45 Cal.2d 474, 481-485
*King v. Stanley* (1948) 32 Cal.2d 584, 588
*Martin v. Baird* (1948) 124 Cal.App.2d 598, 601

The law does not require that every term and condition of an agreement be set forth in the contract.

***[The parties in this case have stipulated that the terms of the contract do not identify function space].***

(Add Instruction re stipulated fact)

Unexpressed provisions of the contract may be inferred from the writing, oral representations, prior negotiations, and surrounding circumstances. External facts may be relied upon, and custom and usage may be resorted to in an effort to supply a deficiency if it does not alter or vary the express terms of the agreement.

***[added text]***

| REQUESTED BY:  **PLTF** | GIVEN | GIVEN AS MODIFIED | REFUSED |
|---|---|---|---|
| | | | |

## DEF OBJECTION

This instruction is wholly inappropriate, misleading, and contrary to law. Civil Code § 1625 states: "The execution of a contract in writing, whether the law requires it to be written or not, supersedes all the negotiations or stipulations concerning its matter which preceded or accompanied the execution of the instrument." It is undisputed that the parties executed a <u>written</u> contract for event space. The complaint does not allege that any other terms were agreed to verbally or modified in any way. This instruction is an improper attempt to influence the jury to conclude that somehow the parties inadvertently omitted an important term. To the contrary, the contract intentionally left the event space blank so that the hotel could maintain flexibility as to where to put which group. Under the Civil Code, the written contract supersedes any prior verbal or written agreements or terms regarding event space, and there is no evidence (or allegation) that the parties modified the contract after it was executed.

## PLTF REPLY TO OBJECTION

As a matter of law, the jury may look to parol evidence, conduct by the parties, intention of the parties to supply meaning to missing terms.

CACI 318; Civil Code § 1636

**PROPOSED INSTRUCTION NO.: 22**

**PAROL EVIDENCE**
**TO ESTABLISH MODIFICATION TO CONTRACT**
*Wagner v. Glendale Adventist Medical Center*
*(1989) 216 Cal. App. 3d 1379*

If you find by a preponderance of the evidence that Defendant Starwood Hotels through oral representations and conduct or custom, subsequently behaved in a manner contrary to one or more terms of the express written contract, then you must find that Starwood Hotels induced Mr. Lindsey to rely on the representations and conduct or custom.

In that circumstance, you must give Mr. Lindsey the benefit of that representation(s) and construe the relied upon representation as a modification of the written contract.

| REQUESTED BY:  **PLTF** | GIVEN | GIVEN AS MODIFIED | REFUSED |
|---|---|---|---|

## DEF OBJECTION

This instruction is inappropriate and contrary to law. The complaint does not allege that the parties modified in any way their written contract. Nor is there any evidence whatsoever that Starwood Hotels and Eric Lindsey modified the contract. The contract specifically stated that any modifications to the contract must be in writing and initialed. After Eric Lindsey executed the contract, it is undisputed that no written modifications were made, and any purported verbal modifications would be ineffective as a matter of law in light of the express terms of the contract.

## PLTF REPLY TO OBJECTION

This instruction is inappropriate and contrary to law. The complaint does not allege that the parties modified in any way their written contract. Nor is there any evidence whatsoever that the contract was modified. The contract specifically stated that any modifications to the contract must be in writing and initialed. After the contract was executed, it is undisputed that no written modifications were made, and any purported verbal modifications would be ineffective as a matter of law in light of the express terms of the contract.

## PROPOSED INSTRUCTION NO.: 23

### MODIFICATION
BAJI 10.69

A modification of a contract is a change in an obligation by a modifying agreement. To be effective the modifying agreement requires mutual consent. In addition, the modifying agreement must be supported by additional consideration, except that,

Errors in a contract may be corrected, and omissions supplied without a new consideration;

---

**Unmodified Version:**

BAJI 10.69

A modification of a contract is a change in an obligation by a modifying agreement. To be effective the modifying agreement requires mutual consent. In addition, the modifying agreement must be supported by additional consideration, except that,

[1. A contract not in writing may be modified in any respect by consent of the parties, in writing, without a new consideration;]

[2. Errors in a contract may be corrected, and omissions supplied without a new consideration;]

[3. A fully performed modifying agreement, oral or written, cannot be invalidated for lack of consideration;]

[4. _____
_____ ].

| REQUESTED BY:  **PLTF** | GIVEN | GIVEN AS MODIFIED | REFUSED |
|---|---|---|---|

**DEF OBJECTION**

This instruction is improper in this case.  The complaint alleges only the existence of a written contract.  *See,* Complaint ¶¶ 14, 35.  There is no allegation in the complaint that this written contract was modified in any respect, and therefore a jury instruction on that issue is inappropriate.

**PLTF REPLY TO OBJECTION**

The facts in this case support a determination by the trier of fact that the hotel did modify the written contract by accepting payment in full for 550 persons.

63

## PROPOSED INSTRUCTION NO.:24

## BREACH OF CONTRACT – INTRODUCTION
### CACI 300 (Modified)

Mr. Lindsey claims that it and Starwood Hotels entered into a contract hotel event space. Mr. Lindsey claims that Starwood Hotels breached this contract by not allowing Mr. Lindsey to use the Grand Ballroom on May 13, 2001. Mr. Lindsey also claims that Starwood Hotels' breach of this contract caused harm to Mr. Lindsey for which Starwood Hotels should pay.

Starwood Hotels denies that it breached its contract with Mr. Lindsey or that Mr. Lindsey suffered any damages as a result of holding its fashion show in another room in the hotel.

---

**Unmodified Version:**

### CACI 300

[Name of plaintiff] claims that [he/she/it] and [name of defendant] entered into a contract for [insert brief summary of alleged contract].
[Name of plaintiff] claims that [name of defendant] breached this contract by [briefly state the alleged breach].
[Name of plaintiff] also claims that [name of defendant]'s breach of this contract caused harm to [name of plaintiff] for which [name of defendant] should pay.
[Name of defendant] denies [insert denial of any of the above claims].
[Name of defendant] also claims [insert affirmative defense].

| REQUESTED BY: **DEF** | GIVEN | GIVEN AS MODIFIED | REFUSED |
|---|---|---|---|

64

**PLTF OBJECTION**

As modified the instruction is objectionable. "**It**" should be "he".  "**contract hotel event space**." should be "for certain event space to accommodate no less than 550 people for a sit down luncheon and fashion show with specific staging, runway, video and dressing areas, among other terms. **"by not allowing Mr. Lindsey to use the Grand Ballroom on May 13, 2001"** should be "failing to provide event space to accommodate Mr. Lindsey's group of 550 people for a sit down luncheon and fashion show with specific staging, runway, video and dressing areas, among other terms."

**DEF REPLY TO OBJECTION**

Plaintiff does not explain the nature of the objection, and Starwood is therefore unable to provide a meaningful reply

## PROPOSED INSTRUCTION NO.: 25

### BREACH OF CONTRACT –
### EXISTENCE OF VALID CONTRACT
CACI 302

Mr. Lindsey claims that the parties entered into a contract.  To prove that a contract was created, Mr. Lindsey must prove all of the following:

1. That the contract terms were clear enough that the parties could understand what each was required to do;
2. That the parties agreed to give each other something of value; and
3. That the parties agreed to the terms of the contract.

If Mr. Lindsey did not prove all of the above, then a contract was not created.

| REQUESTED BY: **DEF** | GIVEN | GIVEN AS MODIFIED | REFUSED |
|---|---|---|---|

**PLTF OBJECTION**

      See Plaintiffs Motions in Limine # 4 referencing¶ 14, (pg.3)  to Starwood's Answer to Complaint wherein Starwood admits existence of a contract.  Defendant did not raise affirmative defense of no valid contract only insufficient consideration to support a modification See Answer at ¶ 63, pg. 8.

**DEF REPLY TO OBJECTION**

67

## PROPOSED INSTRUCTION NO.: 26

## BREACH OF CONTRACT – ESSENTIAL ELEMENTS
### CACI 303

To recover damages from Starwood Hotels for breach of contract, Mr. Lindsey must prove all of the following:

1.  That Mr. Lindsey and Starwood Hotels entered into a contract;
2.  That Mr. Lindsey did all, or substantially all, of the significant things that the contract required it to do;
3.  That all conditions required by the contract for Starwood Hotels' performance had occurred;
4.  That Starwood Hotels failed to do something that the contract required it to do; and
5.  That Mr. Lindsey was harmed by that failure.

---

**Unmodified Version:**

### CACI 303

To recover damages from [name of defendant] for breach of contract, [name of plaintiff] must prove all of the following:

1.  That [name of plaintiff] and [name of defendant] entered into a contract;
2.  That [name of plaintiff] did all, or substantially all, of the significant things that the contract required [him/her/it] to do [or that [he/she/it] was excused from doing those things];
3.  [That all conditions required by the contract for [name of defendant]'s performance had occurred;]
4.  That [name of defendant] failed to do something that the contract required [him/her/it] to do; and
5.  That [name of plaintiff] was harmed by that failure.

| REQUESTED BY:  **PLTF** | GIVEN | GIVEN AS MODIFIED | REFUSED |
|---|---|---|---|

68

## DEF OBJECTION

This instruction simply omits several of the required elements as stated in CACI 303.  Starwood Hotels proposes that the jury be given CACI 303 in its entirety, as several elements are disputed in this case.

## PLTF REPLY TO OBJECTION

All elements are included in PLTF's proposed version.

## PROPOSED INSTRUCTION NO.: 27

### BREACH OF CONTRACT –
### CONDITION PRECEDENT DISPUTED
CACI 321

Starwood Hotels claims that the contract with Mr. Lindsey provides that it was not required to provide event space to Mr. Lindsey unless Mr. Lindsey provided a final guarantee of the number of guests at least 72 hours before the event.

Starwood Hotels must prove that the parties agreed to this condition.  If Starwood Hotels proves this, then Mr. Lindsey must prove that it provided the final guarantee at least 72 hours before the event.  If Mr. Lindsey does not prove that it fulfilled this condition, then Starwood Hotels was not required to provide event space to Mr. Lindsey.

| REQUESTED BY:  **DEF** | GIVEN | GIVEN AS MODIFIED | REFUSED |
|---|---|---|---|

70

## PLTF OBJECTION

There is no evidence nor is there any threshold showing of the applicability of this instruction. See 9th Cir discussion regarding the "final guarantee"being evidenced by "payment in full" on May 10th.  Additionally, if this instruction is given, then the Court will have to give additional instructions regarding substantial compliance with conditions precedent, waiver by acceptance of consideration etc.

## DEF REPLY TO OBJECTION

## PROPOSED INSTRUCTION NO.: 28

### DAMAGES – PLAINTIFF NOT TO BE
### PUT IN BETTER POSITION
*Valdez v. Taylor Automobile Co.*, 129 Cal. App. 2d 810, 822 (1954)


The award of damages should not put plaintiff in a better position than it would have been in had the wrongdoing not occurred.

| REQUESTED BY:   DEF | GIVEN | GIVEN AS MODIFIED | REFUSED |
|---|---|---|---|

## PLTF OBJECTION

This instruction is confusing and contrary to the general damage scheme recoverable under 1981 and Unruh.  Furthermore, this principle  is limited to breach of contract damages only.  This statement controverts the other economic and non-economic damages Mr. Lindsey's is entitled to recover which were caused by the breach. Accordingly, it should be in context of the other damage provisions for breach of contract.

Furthermore, it is redundant as similar language is already stated in BAJI 10.90 which the parties have agreed to.  See last ¶ at pg 30 of Agreed Upon Jury Instructions.

## DEF REPLY TO OBJECTION

There is nothing confusing about this instruction.  None of the claims asserted in this case allow Mr. Lindsey to benefit from alleged discrimination.

## PROPOSED INSTRUCTION NO.: 29

### NO DOUBLE DAMAGES
CACI 361

Mr. Lindsey has made claims against Starwood Hotels for breach of contract and violation of civil rights.  If you decide that Mr. Lindsey has proved both claims, the same damages that resulted from both claims can be awarded only once.

| REQUESTED BY:   DEF | GIVEN | GIVEN AS MODIFIED | REFUSED |
|---|---|---|---|

## PLTF OBJECTION

Improper statement of the law as it applies to the Fed & CA Civil Rights law. The Unruh Act at Civil Code § 52(e) specifically provides:

> *Actions brought pursuant to this section are independent of any other actions, remedies, or procedures that may be available to an aggrieved party pursuant to any other law."*

Further, any off-set is a question of law for the Court and those issues if they should arise are to be addressed post-verdict.

## DEF REPLY TO OBJECTION

This instruction is wholly proper.  It simply instructs the jury not to count the same damages twice.  To refuse to give this instruction would be error.

## PROPOSED INSTRUCTION NO.: 30-A
## DAMAGES — PROOF
### 9th Cir. 5.1 and 5.2

It is the duty of the Court to instruct you about the measure of damages. By instructing you on damages, the Court does not mean to suggest for which party your verdict should be rendered.

If you find for the plaintiff on the plaintiff's §1981 claim, you must determine the plaintiff's damages. The plaintiff has the burden of proving damages by a preponderance of the evidence. Damages means the amount of money that will reasonably and fairly compensate the plaintiff for any injury you find was caused by the defendant. You should consider the following:

In determining the measure of damages, you should consider:
[The nature and extent of the injuries;]
[The mental and emotional] pain and suffering experienced;]
*(Define this category)*
[The reasonable value of [earnings] [business opportunities] lost to the present time;]
[The reasonable value of [earnings] [business opportunities] which with reasonable probability will be lost in the future;]
[The reasonable value of injury to business reputation;]
*(Define this category)*
[The reasonable value of injury to business good will;]
*(Define this category)*
It is for you to determine what damages, if any, have been proved.

Your award must be based upon evidence and not upon speculation, guesswork or conjecture.

*[added text for instruction only]*

| REQUESTED BY:  PLTF | GIVEN | GIVEN AS MODIFIED | REFUSED |
|---|---|---|---|

76

## DEF OBJECTION

Starwood Hotels objects only to the extent this instruction retains the bracketed language.  Starwood Hotels has proposed the identical instruction, without that language.  Because nearly all of those elements of damages are unavailable as a matter of law in this case, it would be confusing to present them to a jury.

## PLTF REPLY TO OBJECTION

Plaintiff is entitled to recover all damages which he can established were caused as a result of the breach and discrimination.  There is no limitation or cap on actual damages.

**Unmodified Version:**

9th Cir. 5.1

It is the duty of the Court to instruct you about the measure of damages. By instructing you on damages, the Court does not mean to suggest for which party your verdict should be rendered.

If you find for the plaintiff [on the plaintiff's _____ claim], you must determine the plaintiff's damages. The plaintiff has the burden of proving damages by a preponderance of the evidence. Damages means the amount of money that will reasonably and fairly compensate the plaintiff for any injury you find was caused by the defendant. You should consider the following:

[Here insert types of damages. See Instruction 5.2 (Measures of Types of Damages)]

It is for you to determine what damages, if any, have been proved.

Your award must be based upon evidence and not upon speculation, guesswork or conjecture.

**Unmodified Version:**

9th Cir. 5.2

In determining the measure of damages, you should consider:

[The nature and extent of the injuries;]

[The [disability] [disfigurement] [loss of enjoyment of life] experienced [and which with reasonable probability will be experienced in the future];]

[The [mental,] [physical,] [emotional] pain and suffering experienced [and which with reasonable probability will be experienced in the future];]

[The reasonable value of necessary medical care, treatment, and services received to the

present time;]

[The reasonable value of necessary medical care, treatment, and services which with reasonable probability will be required in the future;]

[The reasonable value of [wages] [earnings] [earning capacity] [salaries] [employment] [business opportunities] [employment opportunities] lost to the present time;]

[The reasonable value of [wages] [earnings] [earning capacity] [salaries] [employment] [business opportunities] [employment opportunities] which with reasonable probability will be lost in the future;]

[The reasonable value of necessary [household help] [services other than medical] [and] [expenses] [_____] required to the present time;]

[The reasonable value of necessary [household help] [services other than medical] [and] [expenses] [_____] which with reasonable probability will be required in the future;]

[The reasonable value of necessary repairs to any property which was damaged;]

[The difference between the fair market value of any damaged property immediately before the occurrence and its fair market value immediately thereafter;] [and]

[The reasonable value of necessary repairs to any property which was damaged plus the difference between the fair market value of the property immediately before the occurrence and its fair market value after it is repaired.]

[The lesser of the following:

      1. the reasonable cost of necessary repairs to any property which was damaged plus the difference between the fair market value of the property immediately before the occurrence and its fair market value after it is repaired; or

      2. the difference between the fair market value of the property immediately before the occurrence and the fair market value of the unrepaired property immediately after the occurrence.]

[Such sum as will reasonably compensate for any loss of use of any damaged property during the time reasonably required for its [repair] [replacement].]

79

**PROPOSED INSTRUCTION NO.: 30-B**

**DAMAGES — PROOF**
9th Cir. 5.1 (Modified)

It is the duty of the Court to instruct you about the measure of damages. By instructing you on damages, the Court does not mean to suggest for which party your verdict should be rendered.

If you find for the plaintiff, you must determine the plaintiff's damages. The plaintiff has the burden of proving damages by a preponderance of the evidence. Damages means the amount of money that will reasonably and fairly compensate the plaintiff for any injury you find was caused by the defendant.

It is for you to determine what damages, if any, have been proved.

Your award must be based upon evidence and not upon speculation, guesswork or conjecture.

| REQUESTED BY:   DEF | GIVEN | GIVEN AS MODIFIED | REFUSED |
|---|---|---|---|

**<u>PLTF OBJECTION</u>**

        This proposed instruction fails to delineate the types of general/actual damages that the jury can award.

**<u>DEF REPLY TO OBJECTION</u>**

PROPOSED INSTRUCTION NO.: 31

**PLAINTIFF'S ACTUAL DAMAGES**
9th Cir. 7.2 (Modified)

If you find for Plaintiff on §1981 claim, [the Unruh Act or Breach of Contract,] you must determine plaintiff's actual damages.

Plaintiff has the burden of proving damages by a preponderance of the evidence. In assessing damages you may consider:

(1)    injury to Plaintiff's reputation;

(2)    injury to the products or Plaintiff's goodwill, including injury to Plaintiff's general business reputation;

(3)    lost profits that Plaintiff would have earned but for Defendants' actions;

(4)    The cost of future corrective advertising reasonably required to correct public perception caused by the Defendant's action;

(5)    The mental or emotional pain and suffering experienced by Plaintiff;

(6)    The reasonable value of earnings, business opportunities, lost to the present time;

(7)    The reasonable value of earnings, business opportunities, which with reasonable probability will be lost in the future;

(8)    Any other factors that bear on Plaintiff's actual damages.

| REQUESTED BY:  PLTF | GIVEN | GIVEN AS MODIFIED | REFUSED |
|---|---|---|---|

82

## DEF OBJECTION

See objections to 5.1 and 5.2

## PLTF REPLY TO OBJECTION

See reply to objections to 5.1 and 5.2

PROPOSED INSTRUCTION NO.: 32

## DETERMINATION OF DAMAGES FOR MENTAL OR EMOTIONAL PAIN & SUFFERING IN A RACIAL DISCRIMINATION CASE

*Johnson v. Verlin, 13 F.3d 1351 (9th Cir 1994)*

*Phiffer v. Proud Parrot Motor Hotel, 648 F. 2d 548, 552 (9th Cir. 1980)*

*Seaton v. Sky Relaty Co., 491 F. 2d 634,636 (7th Cir. 1974)*

*Williams v. TWA, 660 F.2d 1267 (8th Cir. 1981)*

Compensatory damages may be awarded for humiliation, embarrassment, fears, anxiety and other intangible harm or emotional distress established by testimony or inferred from the circumstances, whether or not Plaintiff submits evidence of economic loss or mental or physical symptoms.  Plaintiff need not prove out-of -pocket losses by way of medical testimony and bills in order to establish damages for mental suffering.

| REQUESTED BY:  PLTF | GIVEN | GIVEN AS MODIFIED | REFUSED |
|---|---|---|---|
|  |  |  |  |

**DEF OBJECTION**

**PLTF REPLY TO OBJECTION**

## PROPOSED INSTRUCTION NO.: 33

## DAMAGES--EMOTIONAL DISTRESS
### BAJI 12.88

If you find that plaintiff is entitled to a verdict against defendant, you must then award plaintiff damages in an amount that will reasonably compensate plaintiff for all loss or harm, provided that you find it was [or will be] suffered by plaintiff and was caused by the defendant's conduct. The amount of such award shall include:

Reasonable compensation for any fears, anxiety and other emotional distress suffered by the plaintiff [and for similar suffering reasonably certain to be experienced in the future from the same cause]. [This is a non-economic damage.]

No definite standard [or method of calculation] is prescribed by law by which to fix reasonable compensation for emotional distress. Nor is the opinion of any witness required as to the amount of such reasonable compensation. [Furthermore, the argument of counsel as to the amount of damages is not evidence of reasonable compensation.] In making an award for emotional distress you shall exercise your authority with calm and reasonable judgment and the damages you fix shall be just and reasonable in the light of the evidence.

~~[Reasonable compensation for any financial loss suffered by the plaintiff which was caused by emotional distress.] [This is an economic damage.]~~

| REQUESTED BY:   PLTF | GIVEN | GIVEN AS MODIFIED | REFUSED |
|---|---|---|---|

**DEF OBJECTION**


**PLTF REPLY TO OBJECTION**

## PROPOSED INSTRUCTION NO.: 34

### DEFINITION OF GOODWILL
9th Cir. 15.25 (Modified)

The goodwill of a company is an intangible business value that reflects the basic human tendency to do business with merchants who offer products of the type and quality the customer desires and expects.

The goodwill associated with a particular product or business may be symbolized by the consuming public's acceptance and recognition of a trade name. The goodwill attached to a product is often a part of the company's overall goodwill. It is possible, therefore, that the general goodwill of the company may be damaged by the loss of goodwill to a particular product. Whether this has occurred here is a question of fact for you to answer.

You may find that Plaintiff's goodwill has been damaged, either by injury to its general business reputation, or by injury to the goodwill of the product.

The fact that Defendant may not have actually intended, anticipated, or contemplated any of these consequential damages is not a consideration.

| REQUESTED BY:  **PLTF** | GIVEN | GIVEN AS MODIFIED | REFUSED |
|---|---|---|---|

88

**DEF OBJECTION**

**PLTF REPLY TO OBJECTION**

---

**Unmodified Version:**

9th Cir. 15.25

If you find for the plaintiff on the plaintiff's [infringement] [unfair competition] claim [and find that the defendant had statutory notice or actual notice of the plaintiff's registered trademark], you must determine the plaintiff's actual damages.

The plaintiff has the burden of proving actual damages by a preponderance of the evidence. Damages means the amount of money which will reasonably and fairly compensate the plaintiff for any [injury] [and] [or] [property damage] you find was caused by the defendant's infringement of the plaintiff's registered trademark.

You should consider the following:

1. [The [injury to] [loss of] the plaintiff's reputation][;]

2. [The [injury to] [loss of] plaintiff's goodwill, including injury to the plaintiff's general business reputation][;]

3. [The lost profits that the plaintiff would have earned but for the defendant's infringement. Profit is determined by deducting all expenses from gross revenue][;]

4. [The expense of preventing customers from being deceived][;]

5. [The cost of future corrective advertising reasonably required to correct any public confusion caused by the infringement][;] [and]

6. [Insert any other factors that bear on plaintiff's actual damages].

When considering prospective costs (e.g., cost of future advertising, expense of preventing customers from being deceived), you must not overcompensate. Accordingly, your award of such future costs should not exceed the actual damage to the value of the plaintiff's mark at the time of the infringement by the defendant.

## PROPOSED INSTRUCTION NO.: 35

## SPECIAL DAMAGES/BREACH OF CONTRACT
### BAJI 10.92

The plaintiff is also seeking to recover special damages for the claimed breach of contract. Special damages are recoverable when special circumstances exist which cause some unusual injury to plaintiff. The plaintiff can only recover special damages if defendant knew or should have known of the special circumstances at the time defendant entered into the contract. Any award for special damages must be reasonable.

| REQUESTED BY:   PLTF | GIVEN | GIVEN AS MODIFIED | REFUSED |
|---|---|---|---|

## DEF OBJECTION

The complaint does not allege special damages, and special damages are not available under the facts of this case.  This instruction is therefore improper.

## PLTF REPLY TO OBJECTION

This instruction refers to the consequential damages suffered, i.e. damage to goodwill and reputation.

## PROPOSED INSTRUCTION NO.: 36
## UNRUH ACT/ PUNITIVE DAMAGES
### BAJI 7.94

In addition to any actual damages imposed upon defendant for a violation of the Unruh Civil Rights Act you are permitted to award plaintiff punitive damages, provided that you find by clear and convincing evidence that the defendant committed malice, oppression or fraud in the conduct on which you base your finding of liability.

"Malice" means conduct which is intended by the defendant to cause injury to the plaintiff or despicable conduct which is carried on by the defendant with a willful and conscious disregard for the rights of others. A person acts with conscious disregard of the rights of others when it is aware of the probable consequences of his conduct and willfully and deliberately fails to avoid those consequences.

"Despicable conduct" is conduct which is so contemptible, miserable, wretched, or loathsome that it would be looked down upon and despised by ordinary decent people.

"Fraud" means an intentional misrepresentation, deceit, or concealment of a material fact known to the defendant with the intention on the part of the defendant of thereby depriving a person of property or legal rights or otherwise causing injury.

Punitive damages are damages that a jury may impose to punish or for sake of example. Whether punitive damages ought to be imposed is a matter left to your sound discretion. In arriving at any award of punitive damages, you should consider the following:

a.   the reprehensibility of the conduct of the defendant;

b.   the amount of punitive damages which will have a deterrent effect on the defendant in the light of defendant's financial condition;

c.   that the punitive damages must bear a reasonable relation to the injury, harm, or damage actually suffered by the plaintiff.

d.   the amount cannot be less than $1,000.00, nor more than three times the total actual damages.

The award of punitive damages, if any, must be set forth separately in your verdict.

| REQUESTED BY: PLTF | GIVEN | GIVEN AS MODIFIED | REFUSED |
|---|---|---|---|
| | | | |

**DEF OBJECTION**

This instruction is wholly inapplicable to this case.  The Complaint alleges a violation of Civil Code § 51(b).  The Unruh Act provides that a violation of that provision entitles the plaintiff to actual damages or $4,000, whichever is greater, as well as a potential penalty of up to three times that amount. Civ. Code § 52(a).  However, punitive damages are authorized *only* for a violation of Civil Code §§ 51.7 or 51.9. Civ. Code § 52(b).  The courts have held uniformly that punitive damages under Civil Code § 3294 – which requires a showing of malice, oppression, or fraud – are not available for a violation of § 51(b). *See, Clavo v. Zarrabian,* 2004 U.S. Dist. LEXIS 29324, *14-15 (C.D. Cal. May 17, 2004); *De Anza Santa Cruz Mobile Estates Homeowners Ass'n v. De Anza Santa Cruz Mobile Estates,* 94 Cal. App. 4th 890, 912-916 (2001); *Botosan v. Fitzhugh,* 13 F. Supp. 2d 1047, 1052-1053 (1998); *Loskot v. Lulu's Restaurant,* 2000 U.S. Dist. LEXIS 22252, at *7-8 (E.D. Cal. Nov. 15, 2000); *Doran v. Embassy Suites Hotel,* 2002 U.S. Dist. LEXIS 16116, *10-11 (N.D. Cal. Aug. 20, 2002).


**PLTF REPLY TO OBJECTION**

The use instructions for an Unruh violation specifically advise that these instructions are to be given in advising the jury how to impose an amount for trebling.

## PROPOSED INSTRUCTION NO.:37

## JUDICIAL NOTICE

9th Cir. 2.3

*Rotary Club of Duarte v. Bd. of Directors (1986) 178 Cal.App.3d 1035*

The court has decided to accept as proved *[certain facts]*[deleted text] even though no evidence has been introduced on the subject. You must accept these facts as true.

**[added text]**

[the fact that [state fact]]

    (1)    Defendant STARWOOD HOTELS dba Westin is a business establishment.[1]

------------------------------

**GENERIC FORM:**

The court has decided to accept as proved the fact that [*state fact*], even though no evidence has been introduced on the subject. You must accept this fact as true.

| REQUESTED BY:   PLTF | GIVEN | GIVEN AS MODIFIED | REFUSED |
|---|---|---|---|
| | | | |

------------------------------

[1] Judge may decide the issue of whether the defendant is a business establishment as a matter of law. *Rotary Club*

94

**<u>DEF OBJECTION</u>**

**<u>PLTF REPLY TO OBJECTION</u>**

.

.

## PROPOSED INSTRUCTION NO.: 38

### FAILURE TO EXPLAIN OR DENY EVIDENCE
### CACI 205

You may consider whether a party failed to explain or deny some unfavorable evidence. Failure to explain or to deny unfavorable evidence may suggest that the evidence is true.

| REQUESTED BY:   DEF | GIVEN | GIVEN AS MODIFIED | REFUSED |
|---|---|---|---|

## PROPOSED INSTRUCTION NO.: 39

## CHARTS AND SUMMARIES NOT RECEIVED IN EVIDENCE
### 9th Cir. 2.12

Certain charts and summaries not received in evidence [deleted text] have been shown to you in order to help explain the contents of books, records, documents, or other evidence in the case.  They are not themselves evidence or proof of any facts.  If they do not correctly reflect the facts or figures shown by the evidence in the case, you should disregard these charts and summaries and determine the facts from the underlying evidence.

[may be]

| REQUESTED BY:   DEF | GIVEN | GIVEN AS MODIFIED | REFUSED |
|---|---|---|---|

97

**PROPOSED INSTRUCTION NO.: 40**

**CHARTS AND SUMMARIES IN EVIDENCE**
**9th Cir. 2.13**


Certain charts and summaries [deleted text] have been received into evidence to illustrate information brought out in the trial.  Charts and summaries are only as good as the underlying evidence that supports them.  You should, therefore, give them only such weight as you think the underlying evidence deserves.


**[may be]**

| REQUESTED BY:   DEF | GIVEN | GIVEN AS MODIFIED | REFUSED |
|---|---|---|---|

## PROPOSED INSTRUCTION NO.: 41

## DEPOSITION IN LIEU OF LIVE TESTIMONY
### 9th Cir. 2.4

A deposition is the sworn testimony of a witness taken before trial. The witness is placed under oath to tell the truth and lawyers for each party may ask questions. The questions and answers are recorded. [When a person is unavailable to testify at trial, the deposition of that person may be used at the trial.]

The deposition of [witness] was taken on [date]. You should consider deposition testimony, presented to you in court in lieu of live testimony, insofar as possible, in the same way as if the witness had been present to testify.

[Do not place any significance on the behavior or tone of voice of any person reading the questions or answers.]

| REQUESTED BY:  PLTF | GIVEN | GIVEN AS MODIFIED | REFUSED |
|---|---|---|---|
| | | | |

**DEF OBJECTION**

       Starwood objects to this instruction because no party has designated deposition transcripts in lieu of live testimony.

**PLTF REPLY TO OBJECTION**

       Plaintiff has advised Defense counsel that witness Ruby Roberson recently suffered a stroke and her verbal limitations, if any have not yet been ascertained.  In the event she is unable to speak with sufficient clarity, Plaintiff will use her deposition testimony.