LINK:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 02-3822 GAF (FMOx) | Date | September 18, 2013 |
|---|---|---|---|
| Title | Eric J Lindsey et al. dba E-Jay's Panache Images v. Starwood Hotels and Resorts Worldwide, Inc. | | |

| Present: The Honorable | **GARY ALLEN FEESS** | |
|---|---|---|
| Stephen Montes Kerr | None | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:**        **(In Chambers)**

<u>**ORDER RE:JURY INSTRUCTIONS**</u>

The Court has now read and considered the parties' agreed on instructions and their separate proposed instructions to which they do not agree.  From those materials the Court has prepared a draft set of jury instructions which will be the basis for all further discussion regarding the instructions to be used at trial.  A copy of the draft instructions is attached.

The Court will confer with counsel during the trial for the purpose of developing a final set of instructions to be given to the jury at the close of the case.

**IT IS SO ORDERED.**

Attachment.

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ERIC J. LINDSEY, et al. dba E-JAY PANACHE IMAGES | Case No. CV 02-3822- GAF (FMOx) |
| Plaintiff, | **DRAFT JURY INSTRUCTIONS** |
| v. | |
| STARWOOD HOTELS AND RESORTS WORLDWIDE, INC. | |
| Defendants. | |

The following sets forth the Court's jury instructions in the above-captioned action.

DATED: September _X_, 2013

_____
Gary Allen Feess
United States District Judge

1

# COURT'S INSTRUCTION NO. __1___

Members of the Jury: Now that you have heard all of the evidence, it is my duty to instruct you as to the law of the case.

A copy of these instructions will be sent with you to the jury room when you deliberate.

You must not infer from these instructions or from anything I may say or do as indicating that I have an opinion regarding the evidence or what your verdict should be.

It is your duty to find the facts from all the evidence in the case. To those facts you will apply the law as I give it to you. You must follow the law as I give it to you whether you agree with it or not. And you must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy. That means that you must decide the case solely on the evidence before you. You will recall that you took an oath to do so.

In following my instructions, you must follow all of them and not single out some and ignore others; they are all important.

During the course of the trial, I may occasionally ask questions of a witness, in order to bring out facts not then fully covered in the testimony. Please do not assume that I hold any opinion on the matters to which my questions may have related. Remember that you, as jurors, are at liberty to disregard all comments of the Court in arriving at your own findings as to the facts.

**COURT'S INSTRUCTION NO.   2   **

The evidence from which you are to decide what the facts are consists of:

1.      the sworn testimony of witnesses, on both direct and
        cross-examination, regardless of who called the witness;

2.      the exhibits which have been received into evidence.

Some evidence may be admitted for a limited purpose only.  When I instruct you that an item of evidence has been admitted for a limited purpose, you must consider it only for that limited purpose and for no other.

# COURT'S INSTRUCTION NO. ___3___

In reaching your verdict, you may consider only the testimony and exhibits received into evidence. Certain things are not evidence, and you may not consider them in deciding what the facts are. I will list them for you:

1.  Arguments and statements by lawyers are not evidence. The lawyers are not witnesses. What they have said in their opening statements, closing arguments, and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

2.  Questions and objections by lawyers are not evidence. Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence. You should not be influenced by the objection or by the court's ruling on it.

3.  Testimony that has been excluded or stricken, or that you have been instructed to disregard, is not evidence and must not be considered. In addition some testimony and exhibits may have been received only for a limited purpose; where I have given a limiting instruction, you must follow it.

4.  Anything you may have seen or heard when the court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

**COURT'S INSTRUCTION NO.   4   **

Evidence may be direct or circumstantial.  Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did.  Circumstantial evidence is proof of one or more facts from which you could find another fact.  You should consider both kinds of evidence.  The law makes no distinction between the weight to be given to either direct or circumstantial evidence.  It is for you to decide how much weight to give to any evidence.

**COURT'S INSTRUCTION NO.   5**

There are rules of evidence that control what can be received into evidence. When a lawyer asks a question or offers an exhibit into evidence and a lawyer on the other side thinks that it is not permitted by the rules of evidence, that lawyer may object. If I overrule the objection, the question may be answered or the exhibit received. If I sustain the objection, the question cannot be answered, and the exhibit cannot be received. Whenever I sustain an objection to a question, you must ignore the question and must not guess what the answer might have been.

Sometimes I may order that evidence be stricken from the record and that you disregard or ignore the evidence. That means that when you are deciding the case, you must not consider the evidence that I told you to disregard.

**COURT'S INSTRUCTION NO.   6**

Certain charts and summaries have been received into evidence to illustrate information brought out in the trial. Charts and summaries are only as good as the underlying evidence that supports them. You should, therefore, give them only such weight as you think the underlying evidence deserves.

**COURT'S INSTRUCTION NO.  7**

Certain charts and summaries not received in evidence have been shown to you in order to help explain the contents of books, records, documents, or other evidence in the case. They are not themselves evidence or proof of any facts. If they do not correctly reflect the facts or figures shown by the evidence in the case, you should disregard these charts and summaries and determine the facts from the underlying evidence.

# COURT'S INSTRUCTION NO.  8

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it.  Proof of a fact does not necessarily depend on the number of witnesses who testify about it.

In considering the testimony of any witness, you may take into account:

(1) the opportunity and ability of the witness to see or hear or know the things testified to;

(2) the witness's memory;

(3) the witness's manner while testifying;

(4) the witness's interest in the outcome of the case and any bias or prejudice;

(5) whether other evidence contradicted the witness's testimony;

(6) the reasonableness of the witness's testimony in light of all the evidence;

(7) evidence that a witness has been convicted of a crime or lied under oath on a prior occasion;  and

(8) any other factors that bear on believability.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify about it.

**COURT'S INSTRUCTION NO.   9**

   Plaintiff  has the burden of proof on any claim by a preponderance of the evidence.  That means you must be persuaded by the evidence that the claim is more probably true than not true.  You should base your decision on all of the evidence, regardless of which party presented it.

1

## COURT'S INSTRUCTION NO.   10

2

3       All parties are equal before the law and a partnership is entitled to the same

4   fair and conscientious consideration by you as any party.

5       Under the law, a corporation is considered to be a person. It can only act

6   through its employees, agents, directors, or officers.   Therefore, a corporation is

7   responsible for the acts of its employees, agents, directors, and officers performed

8   within the scope of authority.

9       An employee is acting within the scope of authority if the employee is

10  engaged in the performance of duties which were expressly or impliedly assigned to

11  the employee by the employer.

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**COURT'S INSTRUCTION NO.   11**

The defendant Starwood Hotels is sued as a principal.   The plaintiff claims that Jacob Stark was acting as an employee of Starwood Hotels.

If you find that Jacob Stark was an employee of Starwood Hotels and was acting within the scope of his authority, then any act or omission of Jacob Stark within the scope of that authority was the act or omission of Starwood Hotels.

**COURT'S INSTRUCTION NO.   12**

E- Jay Panache Images has alleged a claim under 42 U.S.C. § 1981(a), which provides in pertinent part:

"All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts . . . . "

42 U.S.C. § 1981(b) defines "make and enforce contracts" as follows:

"For purposes of this section, the term 'make and enforce contracts' includes the making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship."

**COURT'S INSTRUCTION NO.  13**

Pursuant to 42 United States Code Section 1981, Panache asserts a claim for the denial of the right to make and enforce contracts.  To prove that claim, Panache must prove each of the following four elements by a preponderance of the evidence:

(1) Panache is a partnership whose partners are members of a protected class;

(2) Panache made and attempted to enforce a contract with Starwood;

(3) Starwood denied Panache the right to enforce the terms of its agreement with Starwood;

(4) Starwood's denial of contractual rights was motivated by racial animus.

**COURT'S INSTRUCTION NO.  14**

     To establish a claim under section 1981, Panache must convince you by a preponderance of the evidence that Starwood was motivated by racial animus – that is, Panache must prove that Starwood intentionally and purposefully discriminated against it because of race.

     In determining whether Starwood intentionally discriminated on the basis of race, you may consider all the evidence presented in the case.  Panache may use either direct or indirect evidence to meet this burden.

# COURT'S INSTRUCTION NO.   15

Panache also seeks to recover damages based upon a claimed violation of the California Unruh Civil Rights Act.  That act provides in relevant part:

"All persons within the jurisdiction of this state are free and equal and, no matter what their sex, race, color, religion, ancestry, national origin, disability, medical condition, marital status, or sexual orientation, are entitled to the full and equal accommodations, advantages, facilities, privileges, or services in all business establishments of every kind whatsoever.

**COURT'S INSTRUCTION NO.   16**

The essential elements of a claim under the Unruh Civil Rights Act are the
following:

1. Panache was denied the full and equal accommodations, advantages,
facilities, privileges, or services in a business establishment;

2. The race of Panache's partners was a motivating factor for this denial;

3. Starwood denied Panache of the right to full and equal accommodations,
advantages, facilities, privileges, or services;

4. The denial was arbitrary; and

5. Starwood's wrongful conduct caused Panache to suffer injury, damage,
loss or harm.

A business policy, practice or limitation is not arbitrary if it is reasonably
related to a valid business objective. Your determination of whether the action taken
was arbitrary, requires an examination of the entire context of the factual situation
in which the action was taken or the conduct occurred. The action or conduct
alleged to be discriminatory must be considered with respect to Starwood's type of
business, and its legitimate business interests.

Panache has the burden of proving by a preponderance of the evidence all of
the facts necessary to establish essential elements 1, 2, 3, and 5.   Starwood has the
burden of proving by a preponderance of the evidence all of the facts necessary to
establish that the denial was not arbitrary, but rather it was action taken reasonably
related to a valid business objective, namely determining which group was entitled
to the Grand Ballroom.

17

# COURT'S INSTRUCTION NO.   17

Panache brings a third claim for breach of a written contract.

To prove this claim, Panache must first prove that the parties entered into a written contract, which requires proof of all of the following:

1. That the contract terms were clear enough that the parties could understand what each was required to do;

2. That the parties agreed to give each other something of value; and

3. That the parties agreed to the terms of the contract.

If Panache has not proven all of the above, then a written contract was not created.

**COURT'S INSTRUCTION NO.   18**

To recover damages from Starwood for breach of contract, Panache must prove all of the following:

1. That Panache and Starwood entered into a contract;

2. That Panache did all, or substantially all, of the significant things that the contract  required it to do;

3. That all conditions required by the contract for Starwood's performance had occurred;

4. That Starwood failed to do something that the contract required it to do; and

5. That Panache was harmed by that failure.

**COURT'S INSTRUCTION NO.  19**

    A contract must be so interpreted as to give effect to the mutual intention of the parties as it existed at the time of contracting, so far as the same is ascertainable and lawful.  In deciding what the terms of the contract mean, you must decide what the parties intended at the time the contract was created.

    In deciding what the words of a contract meant to the parties, you should consider the whole contract, not just isolated parts. You should use each part to help you interpret the others, so that all the parts make sense when taken together.  You may also consider how the parties acted after the contract was created but before any disagreement between the parties arose.

    You should assume that the parties intended the words in their contract to have their usual and ordinary meaning unless you decide that the parties intended the words to have a special meaning.

# COURT'S INSTRUCTION NO. _20_

When you begin your deliberations, you should elect one member of the jury as your presiding juror. That person will preside over the deliberations and speak for you here in court.

You will then discuss the case with your fellow jurors to reach agreement if you can do so. Your verdict must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all of the evidence, discussed it fully with the other jurors, and listened to the views of your fellow jurors.

Do not hesitate to change your opinion if the discussion persuades you that you should. Do not come to a decision simply because other jurors think it is right.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision. Do not change an honest belief about the weight and effect of the evidence simply to reach a verdict.

**COURT'S INSTRUCTION NO.   21**

The attitude and conduct of jurors at the beginning of their deliberations are very important.  It is rarely helpful for a juror, on entering the jury room, to express an emphatic opinion on the case or to announce a determination to stand for a certain verdict.  When one does that at the outset, a sense of pride may be aroused, and one may hesitate to change a position even if shown that it is wrong.  Remember that you are not partisans or advocates in this matter.  You must be impartial judges of the facts.

1        **COURT'S INSTRUCTION NO.   22**

2

3        Some of you have taken notes during the trial.  You may use notes taken

4   during trial to assist your memory. Notes, however, should not be substituted for

5   your memory, and you should not be overly influenced by the notes.

## COURT'S INSTRUCTION NO.   23

If it becomes necessary during your deliberations to communicate with me, you may send a note through the bailiff, signed by your presiding juror or by one or more members of the jury.  No member of the jury should ever attempt to communicate with me except by a signed writing; I will communicate with any member of the jury on anything concerning the case only in writing, or here in open court.  If you send out a question, I will consult with the parties before answering it, which may take some time.  You may continue your deliberations while waiting for the answer to any question.  Remember that you are not to tell anyone—including me—how the jury stands, numerically or otherwise, until after you have reached a unanimous verdict or have been discharged.  Do not disclose any vote count in any note to the court.

# COURT'S INSTRUCTION NO.   24

A verdict form has been prepared for you.  After you have reached unanimous agreement on a verdict, your presiding juror will fill in the form that has been given to you, sign and date it, and advise the court that you are ready to return to the courtroom.